# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| Kenn Zou aka Kang Zou, et al | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 23-cv-2370-JMA-JMW |
| Xiao Han and Jun Tang aka Judy Tang, et al | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bank of America
39-12 Main St., Queens NY 11354

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: copies of monthly statements, copies of checks, records of deposits, withdrawals, wire transfers and all other transactions of Travelhome LLC, with account number 483021368144, from 01/01/2017 to 02/01/2024

| Place: Law Office of Ming Hai, PC<br>36-09 Main Street, Suite 7B<br>Flushing NY 11354 | Date and Time:<br><br>02/28/2024 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/31/2024

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs** Ken Zou, JLK Holdings, INT LLC and Chunlan Li , who issues or requests this subpoena, are:
Law Office of Ming Hai, PC , 36-09 Main Street, Suite 7B, Flushing NY 11354. Lawminghai@gmail.com, (718) 445 9111

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Kenn Zou aka Kang Zou, et al <br> *Plaintiff* <br> v. <br> Xiao Han and Jun Tang aka Judy Tang, et al <br> *Defendant* | ) ) ) ) ) ) ) <br> Civil Action No. 23-cv-2370-JMA-JMW |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bank of America
39-12 Main St., Queens NY 11354

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Addendum made part of this Subpoena.

| Place: Law Office of Ming Hai, PC <br> 36-09 Main Street, Suite 7B <br> Flushing NY 11354 | Date and Time: <br> 02/28/2024 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/31/2024

*CLERK OF COURT*

OR  _/s/_

*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs** Ken Zou, JLK Holdings, INT LLC and Chunlan Li , who issues or requests this subpoena, are:
Law Office of Ming Hai, PC , 36-09 Main Street, Suite 7B, Flushing NY 11354. Lawminghai@gmail.com, (718) 445 9111

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Subpoena Addendum

**RE: Acct# 2230 2938 4199**
**Account Holder: Jun Tang (see attached copy of account statement)**

On 06/30/22, a Teller transfer of $370,000.00 was made and deposited into this account. Please provide full records of this transfer, including but not limited to: from which account of Bank of America said $370,000.00 was withdrawn for the transfer, including the transferor account's account number, account holder information, name and address.

On 07/05/2022, $371,500.00 from this account was wired out to a Flushing, New York law office named Alpha Law LLC. Please provide a copy of the wire transfer application for said wire transfer.

On 08/10/22, another separate Teller transfer of $ 250,000.00 was made and deposited into this account. Please provide full records of this transfer, including but not limited to: from which account of Bank of America said $ 250,000.00 was withdrawn from for the transfer, including the transferor account's account number, account holder information, name and address.

Next day on 08/11/2022, said $ 250,000.00 was wired out to the same Flushing, New York law office named Alpha Law LLC. Please provide a copy of the wire transfer application for said wire transfer.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


**BANK OF AMERICA**

JUN TANG   |   Account # 2230 2938 4199   |   June 25, 2022 to July 25, 2022

## Deposits and other additions

| Date | Description | Amount |
|---|---|---|
| 06/27/22 | BKOFAMERICA ATM 06/27 #000009726 DEPOSIT COASTAL GRANDE    MYRTLE BEACH  SC | 1,725.00 |
| 06/30/22 | SC TLR transfer | 370,000.00 |
| 07/05/22 | Counter Credit | 920.00 |
| 07/06/22 | CHECKCARD  0704 SUMMER SANDS MYRTLE BEACH SC 55310202187286049 90 | 1,000.00 |
| **Total deposits and other additions** | | **$373,645.00** |

## Withdrawals and other subtractions

### Other subtractions

| Date | Description | Amount |
|---|---|---|
| 06/27/22 | Online Banking transfer to CHK 6579 Confirmation# 6433749436 | -22,000.00 |
| 06/30/22 | Online Banking transfer to CHK 6579 Confirmation# 7460042450 | -1,200.00 |
| 07/05/22 | WIRE TYPE:WIRE OUT DATE:220705 TIME:1242 ET TRN:2022070500668924 SERVICE REF:761340 BNF:ALPHA LAW LLC ID:725713355 BNF BK:JPMORGAN CHA SE BANK, N. ID:0002 PMT DET:HXZWZNGU5 Goods Jun Ta ng | -371,500.00 |
| **Total other subtractions** | | **-$394,700.00** |

## Service fees

| Date | Transaction description | Amount |
|---|---|---|
| 07/05/22 | Wire Transfer Fee | -30.00 |
| **Total service fees** | | **-$30.00** |

Note your Ending Balance already reflects the subtraction of Service Fees.





JUN TANG   |   Account # 2230 2938 4199   |   July 26, 2022 to August 25, 2022

Bank of America is hosting our second annual virtual electric vehicle show on Friday, September 9, at noon Eastern. From the comforts of home and through your computer/mobile device, you can participate in a virtual tour of the latest electric vehicles many manufacturers have to offer. Sign up today to attend at bankofamerica.com/autoloans/evolution.

## Deposits and other additions

| Date | Description | Amount |
|---|---|---|
| 08/01/22 | CHECKCARD  0729 SUMMER SANDS MYRTLE BEACH SC 5531020221128604990 | 500.00 |
| 08/04/22 | BKOFAMERICA ATM 08/04 #000004476 DEPOSIT SURFSIDE         SURFSIDE BEAC SC | 1,360.00 |
| 08/10/22 | SC TLR transfer | 250,000.00 |
| **Total deposits and other additions** | | **$251,860.00** |

## Withdrawals and other subtractions

### Other subtractions

| Date | Description | Amount |
|---|---|---|
| 08/11/22 | WIRE TYPE:WIRE OUT DATE:220811 TIME:1313 ET TRN:2022081100361198 SERVICE REF:394699 BNF:ALPHA LAW LLC ID:725713355 BNF BK:JPMORGAN CHA SE BANK, N. ID:0002 PMT DET:F823A9AZV Other | -250,000.00 |
| **Total other subtractions** | | **-$250,000.00** |

## Service fees

| Date | Transaction description | Amount |
|---|---|---|
| 08/11/22 | Wire Transfer Fee | -30.00 |
| **Total service fees** | | **-$30.00** |

Note your Ending Balance already reflects the subtraction of Service Fees.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Kenn Zou aka Kang Zou, et al *Plaintiff* v. Xiao Han and Jun Tang aka Judy Tang, et al *Defendant* | ) ) ) ) ) ) ) Civil Action No. 23-cv-2370-JMA-JMW |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Alpha Law LLC, attn: Zixian Qi, attorney at law
37-12 Prince St suite 11A, Queens, NY 11354

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Addendum made part of this Subpoena.

| Place: Law Office of Ming Hai, PC 36-09 Main Street, Suite 7B Flushing NY 11354 | Date and Time: 02/28/2024 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/31/2024

*CLERK OF COURT*

OR _____/s/_____

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Ken Zou, JLK Holdings, INT LLC and Chunlan Li , who issues or requests this subpoena, are:
Law Office of Ming Hai, PC , 36-09 Main Street, Suite 7B, Flushing NY 11354. Lawminghai@gmail.com, (718) 445 9111

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Subpoena Addendum

**RE:  Xiao Han, as purchaser**
**Subject premises at: 220 Halsey Ave., Jericho NY 11753**

Your firm represented Mr. Xiao Han in his purchase of the subject premises at 220 Halsey Ave., Jericho NY 11753, closed on 09/14/2022. Please provide Contract of Sale, all closing documents, including but not limited to: a copy of the Deed, Transfer taxes documents, copies of payments checks tendered at the closing, payments for title company and brokers, down-payment checks, for the closing of the subject premises. PLEASE TAKE NOTICE that the Contract of Sale and Closing documents in a real estate closing are not protected by "attorney client privileges" as those are public documents, and put forward on a closing table for all attending parties to examine and make copies, including opposing parties and third parties, such as the sellers, sellers' attorneys, real estate brokers, title company, mortgage bank attorneys, underwriters and other bank employees, home insurance, county clerk office and recording agencies, etc. The demanded documents are not protected by "attorney work product doctrine" either, as they are not work products prepared for litigation.

On 07/05/2022, $371,500.00 was wired to your law office's Chase Bank account by Jun Tang, a defendant in this action. On 08/11/2022, another $250,000.00 was wired to your law office's Chase Bank account by Jun Tang. (See attached bank records showing the two interstate wire transfers from SC to your office in NY) Please provide copies of records of how the combined $621,000 from the two wire transfers were used, spent or otherwise disposed, with explanations, and copies of the checks drawn on said funds reflecting such.

**PLEASE TAKE FURTHER NOTICE** that this action is a Federal Civil "RICO" Action under Racketeer Influenced and Corrupt Organizations Act (RICO).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


**BANK OF AMERICA**

JUN TANG   |   Account # 2230 2938 4199   |   June 25, 2022 to July 25, 2022

## Deposits and other additions

| Date | Description | Amount |
|---|---|---|
| 06/27/22 | BKOFAMERICA ATM 06/27 #000009726 DEPOSIT COASTAL GRANDE     MYRTLE BEACH  SC | 1,725.00 |
| 06/30/22 | SC TLR transfer | 370,000.00 |
| 07/05/22 | Counter Credit | 920.00 |
| 07/06/22 | CHECKCARD  0704 SUMMER SANDS MYRTLE BEACH SC 55310202187286004990 | 1,000.00 |
| **Total deposits and other additions** | | **$373,645.00** |

## Withdrawals and other subtractions

### Other subtractions

| Date | Description | Amount |
|---|---|---|
| 06/27/22 | Online Banking transfer to CHK 6579 Confirmation# 6433749436 | -22,000.00 |
| 06/30/22 | Online Banking transfer to CHK 6579 Confirmation# 7460042450 | -1,200.00 |
| 07/05/22 | WIRE TYPE:WIRE OUT DATE:220705 TIME:1242 ET TRN:2022070500668924 SERVICE REF:761340 BNF:ALPHA LAW LLC ID:725713355 BNF BK:JPMORGAN CHA SE BANK, N. ID:0002 PMT DET:HXZWZNGU5 Goods Jun Ta ng | -371,500.00 |
| **Total other subtractions** | | **-$394,700.00** |

## Service fees

| Date | Transaction description | Amount |
|---|---|---|
| 07/05/22 | Wire Transfer Fee | -30.00 |
| **Total service fees** | | **-$30.00** |

Note your Ending Balance already reflects the subtraction of Service Fees.





JUN TANG   |   Account # 2230 2938 4199   |   July 26, 2022 to August 25, 2022

Bank of America is hosting our second annual virtual electric vehicle show on Friday, September 9, at noon Eastern. From the comforts of home and through your computer/mobile device, you can participate in a virtual tour of the latest electric vehicles many manufacturers have to offer. Sign up today to attend at bankofamerica.com/autoloans/evolution.

## Deposits and other additions

| Date | Description | Amount |
|---|---|---|
| 08/01/22 | CHECKCARD 0729 SUMMER SANDS MYRTLE BEACH SC 55310202221128604990 | 500.00 |
| 08/04/22 | BKOFAMERICA ATM 08/04 #000004476 DEPOSIT SURFSIDE     SURFSIDE BEAC SC | 1,360.00 |
| 08/10/22 | SC TLR transfer | 250,000.00 |
| **Total deposits and other additions** | | **$251,860.00** |

## Withdrawals and other subtractions

### Other subtractions

| Date | Description | Amount |
|---|---|---|
| 08/11/22 | WIRE TYPE:WIRE OUT DATE:220811 TIME:1313 ET TRN:2022081100361198 SERVICE REF:394699 BNF:ALPHA LAW LLC ID:725713355 BNF BK:JPMORGAN CHA SE BANK, N. ID:0002 PMT DET:F823A9AZV Other | -250,000.00 |
| **Total other subtractions** | | **-$250,000.00** |

## Service fees

| Date | Transaction description | Amount |
|---|---|---|
| 08/11/22 | Wire Transfer Fee | -30.00 |
| **Total service fees** | | **-$30.00** |

Note your Ending Balance already reflects the subtraction of Service Fees.