UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KENN ZOU *et al.*,

        Plaintiffs,

   -against-

XIAO HAN *et al.*,

        Defendants.
-------------------------------------------------------------------X

**ORDER**

23-CV-02370 (JMA) (JMW)

**WICKS,** Magistrate Judge:

      Plaintiffs initiated this action alleging that Defendants participated in a fraudulent investment scheme in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. On July 7, 2023, the Court held an initial conference with the parties and adopted the parties' discovery schedule. (ECF Nos. 26-27.) The deadline for fact discovery was recently extended to April 30, 2024. (*See* Electronic Order dated. Apr. 30, 2024.) Since then, the parties have been at loggerheads, filing numerous contentious motions, including several motions to quash Plaintiffs' subpoena (ECF Nos. 45, 51, 61-62) as well as Plaintiffs' motion to amend (ECF No. 53) and Defendants' cross-motion to dismiss (ECF Nos. 54-55).

      Presently before the Court is Defendants' motion for extension of time to complete discovery, or in the alternative, to stay discovery pending resolution of their motion to dismiss. (ECF No. 74.) Specifically, in light of the pending dispositive motions, Defendants state that they are having difficulties in knowing which experts to retain especially because the operative complaint and the newly proposed complaint would require different fact and expert witnesses. (*Id.*)

In the alternative, Defendants request a stay of discovery because the stay would only last a short period of time, the pending motions could potentially dismiss the entire action, and there would be no undue prejudice because Plaintiffs are inclined to "start over" given their filing of various complaints. (*Id.*)

Plaintiffs oppose, stating that Defendants contradict the undersigned's prior Order denying a stay of compliance with the subpoenas. (ECF Nos. 66, 75.) They state that Defendants are essentially seeking to conceal their criminal acts and no good cause exists to bypass the Court's prior order. (ECF No. 75.) Plaintiffs do state, however, that Plaintiffs will follow whatever the Court decides regarding the extension of deadlines. (*Id.*)

## **DISCUSSION**

Where, as here, a party seeks to modify the Court-imposed scheduling order, the party must demonstrate "good cause" to do so. Fed. R. Civ. P. 16(b)(4) (stating that "[a] schedule may be modified only for good cause and with the judge's consent"). In the alternative, where a party seeks to stay discovery pending resolution of a dispositive motion, courts consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citation omitted).

The Court finds that good cause does not exist for a stay here, especially in light of the undersigned's prior analysis of this case for the Defendants' motion to stay compliance with the subpoenas. *See* ECF No. 66 (finding that Plaintiffs' complaint appeared to raise meritorious claims and Plaintiffs may suffer inconveniences if discovery is stayed). However, the Court does find that Defendants were diligent in filing the instant motion before the current discovery

2

deadlines passed and that good cause exists to extend the discovery deadlines.  *See Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("Whether good cause exists turns on the diligence of the moving party").  Accordingly, the discovery schedule is amended as follows:

|  | **Current Deadlines** | **New Deadlines** |
| --- | --- | --- |
| **End of Fact Discovery** | April 30, 2024 | June 28, 2024 |
| **Case in Chief Experts** | March 29, 2024 | August 30, 2024 |
| **Rebuttal Experts** | April 30, 2024 | September 30, 2024 |
| **Close of All Discovery** | May 31, 2024 | October 31, 2024 |
| **Last Date for First Step of Summary Judgment Motion Practice** | June 14, 2024 | November 15, 2024 |
| **Final Pre-Trial Conference** | July 12, 2024 at 9:30 AM | December 13, 2024 at 11:00 AM |

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion (ECF No. 74) with respect to the extension of time to complete discovery, but denies it with respect to staying discovery.  Fact discovery shall conclude on **June 28, 2024** and expert discovery to close on **October 31, 2024**.

Dated:   Central Islip, New York
April 2, 2024

S O   O R D E R E D

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge