UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KENN ZOU *et al.*,

              Plaintiffs,

        -against-

XIAO HAN *et al.*,

              Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

23-CV-02370 (JMA) (JMW)

**A P P E A R A N C E S:**

Ming Hai, Esq.
**Law Offices of Ming Hai P.C.**
36-09 Main Street, Suite 7B
Flushing, NY 11354
*Attorney for Plaintiffs and Counter Defendants Kenn Zou and Chunlan Li*

Alexander Paykin, Esq.
**The Law Office of Alexander Paykin**
The Empire State Building, 59th Floor
New York, NY 10118
*Attorney for Defendant and Counter Claimant Xiao Han*

Mingyuan Zhang, Esq.
Robert Hawkins, Esq.
**The Law Office of Alexander Paykin**
99 Tulip Ave, Ste. 408
Floral Park, NY 11001
*Attorneys for Defendant and Counter Claimant Xiao Han*

Carolyn Shields, Esq.
Ying Liu, Esq.
**Liu & Shields LLP**
41-60 Main Street, Suite 208A
Flushing, NY 11355
*Attorneys for Defendant Jun Tang*

**WICKS,** Magistrate Judge:

Plaintiffs Kenn Zou and Chunlan Li commenced this action on March 28, 2023 alleging that Defendants Xiao Han and Jun Tang engaged in a series of frauds and a pattern of racketeering activity in connection with the illegal transfer of Plaintiff's ownership interest in a company called JLK Holdings, INC, LLC and otherwise persuading Plaintiffs to pour large sums of money into Defendants' companies. (ECF No. 33.) Following Defendants' filing of a multitude of motions to quash various subpoenas (ECF Nos. 45, 51, 61, and 62) amongst other motions ((ECF No. 70) (response to motion for leave to file document); (ECF No. 76) (motion to quash and/or for a protective order re Subpoena on USCIS)), Defendants now seek to seal personal identifiable information ("PII") that was divulged in these publicly filed documents. Presently before the Court is:

- Defendant Han's motion to seal ECF No. 70, which contains unredacted bank statements for both Defendants Han and Tang. (ECF No. 71);

- Defendant Tang's Motion for Leave to File Plaintiffs' Unredacted Subpoena Served on USCIS filed in ECF No. 76 (ECF No. 77); and

- Defendant Han's Motion to Seal ECF Nos. 34-2, 34-4, 34-6, 45-2, 51-2, 61-1, 61-2, 61-3, 62-2, 65-2 and 70-1, which contain personal information (ECF No. 81).

Plaintiffs oppose all three motions (ECF No. 72, 80, and 82.) For the reasons stated below, the Defendants' motions are granted in part and denied in part.

## THE PARTIES' CONTENTIONS

Defendant Han first argues that the unredacted bank information for Defendants and non-party Travelhome LLC[1] filed in ECF No. 70 should be sealed or otherwise removed pursuant to

---

[1] Travelhome, LLC is an entity owned by Defendant Tang which was used to perpetrate the alleged frauds. (ECF No. 33 ¶ 69.)

2

Fed. R. Civ. P. 5.2(a).  (ECF No. 71.)  Specifically, ECF No. 70-1 includes Travelhome LLC's and Han's full bank account numbers with Bank of America and Chase Bank as well as screenshots of checks issued by Travelhome and Han, which visibly show the respective account and routing numbers.

Plaintiffs' response is that the documents filed at ECF No. 70 do not contain any parties' personal identifying information such as social security numbers, taxpayer-identification numbers, or dates of birth.  (ECF No. 72.)  They state that these records are instead Travelhome LLC's and Defendant Han's bank account numbers which were waived by both Defendants pursuant to Fed. R. Civ. P. 5.2(h), once filed unredacted.  (*Id.*)  Plaintiffs further aver that Defendants have publicly filed their *own* social security numbers or Tax IDs and failed to redact Travelhome LLC's bank account number.  They point to (a) ECF No. 45-2 which was filed by Tang and disclosed both Defendants' unredacted social security numbers; (b) ECF No. 51-2 which was filed by Han and disclosed both Defendants' social security numbers; (c) ECF No. 61-3 which was filed by Han disclosed Travelhome LLC's bank account number—the same account number he now wishes to seal; and (d) ECF No. 62-2 which was filed by Tang and disclosed Tang's and Travelhome's bank account numbers.  Further Plaintiff argues that since Han never requested that Tang remove the unredacted information, he essentially consented to its filing and the same is true in the reverse.  (*Id.*)  Plaintiffs' counsel also cites undue hardship to go back and redact each page of the bank documents.

Tang joins in on the application to seal ECF No. 70 because the bank statements contain personally identifiable information ("PII").  (ECF No. 73.)  She also states that Defendants have not waived their privacy of PII because ECF Nos. 45-2, 51-2 and 62-2 were *inadvertently disclosed* in filing the subpoenas prepared by Plaintiffs' counsel.  She points to the parties'

3

Confidentiality Stipulation and Order which allegedly makes clear that inadvertent disclosure does not constitute a waiver. Tang further states that one can only waive the protections of their *own* information; in other words, Han cannot waive disclosure of Tang's social security number. (ECF No. 73.)

*Second,* Tang filed another motion to seal, this time, seeking to seal a non-party United States Citizenship and Immigration Services ("USCIS") subpoena which was filed in connection with her motion to quash or for a protective order filed at ECF No. 76. (ECF No. 77.) The basis for sealing is that the subpoena contains an addendum that falsely accuses Defendant Tang of committing crimes in violation of the False Statements Statute, 18 U.S.C. § 1001 and are therefore defamatory. Specifically, Plaintiffs' counsel alleges that Tang dishonestly filled out the application and committed tax evasion. According to Tang, the document is not a judicial document and is unrelated to any issue in the case and in deciding the motion to quash itself. In particular, Tang's ex-husband's I-130 petition for permanent residency and Tang's I-485 application were made in 1996—decades prior to this action. Further, her ex-husband is a nonparty and cannot challenge the statements himself.

Plaintiffs respond essentially contending that there is no reason to seal the subpoenas' Addendum since it was taken from the Complaint itself which has been filed publicly on ECF. (ECF No. 80.) Plaintiffs state that the documents are relevant in that they must prove Defendants here violated the RICO statutes to prevail. They state the Court should not seal the documents just because Defendants are now embarrassed and wish to conceal their schemes. The Addendum itself contains no PII. They also state that federal statute requires that these records must be made available for public inspection. Plaintiffs further point to other documents that

4

Han filed exposing his own social security number (ECF No. 34-6) and his mother's driver's license and date of birth (ECF No. 34-2) and accordingly these protections of PII are waived.

*Finally*, Defendant Han requests that the Court seal ECF Nos. 34-2, 34-4, 34-6, 45-2, 51-2, 61-1, 61-2, 61-3, 62-2, 65-2 and 70-1.  (ECF No. 81.)  Han argues that the filing at ECF No. 34-6 was an oversight and contains PII.  Han again argues that none of these documents were waived because:

- ECF No. 45-2 was filed by Defendant Tang which includes Han's social security number, which means Tang cannot waive Han's privacy protections; and

- ECF No. 34-2 was filed by Han and includes Tang's PII.

Han further states that the remaining documents inadvertent disclosures which do not constitute waivers:  ECF No. 45-2, 51-2, 61-1, 61-2, 61-3, 62-2, and 65-2.  Han's counsel argues that the Confidentiality Order states such disclosure is not a waiver.  He requests the sealing "of all documents with PII for all parties."  (ECF No. 81 at 2.)

Plaintiffs oppose stating that Han filed ECF No. 81 in an attempt to conceal records of their $1.3 million fraudulent scheme. (ECF No. 82) Plaintiffs state that the documentation in ECF No. 70-1 should not be sealed because they tend to show that Tang used Travelhome to steal money from the Summer Sands Motel and that Tang transferred monies to Han using the Travelhome account in order for Han to purchase a home.  Plaintiffs further state that neither defense attorney represents Travelhome and do not have standing and Defendants *themselves* disclosed Travelhome's bank account several times (*see* ECF Nos. 61-3 and 62-2.)  Plaintiffs ask the Court to deny Defendants' motions because the disclosures were "wide spread, over a long period of time, consistent, repeatedly done, and not rectified for almost 7 months, from September of last year till now."  (ECF No. 82 at 3.)

5

## **THE LEGAL FRAMEWORK**

It is axiomatic that there is a presumption of public access to judicial documents and records. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2015); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). However, "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications,* 435 U.S. 589, 598 (1978). Whether right of access to court proceedings and records is overcome, "depends on the nature of the proceeding, not on the personal characteristics of the litigant." *Hartford Courant Co., LLC v. Carroll,* 986 F.3d 211, 219 (2d Cir. 2021).

The Second Circuit has adopted a three-part analysis to provide guidance to the district courts when determining whether documents filed in a case can and should be placed under seal. *See Lugosch*, 435 F.3d at 119–20; *see also King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010). *First*, the court "must determine whether documents are judicial documents that are relevant to the performance of the judicial function and useful in the judicial process." *Saadeh v. Kagan*, No. 20-CV-1945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (internal quotation and citations omitted). A document is "relevant to the performance of the judicial function if it would reasonably have a *tendency* to influence a district court's ruling on a motion . . . without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *See Brown v. Maxwell*, No. 16-cv-3945, 2019 WL 2814839, at *4–5 (2d Cir. July 3, 2019) (internal quotation marks and citation omitted) (emphasis in original). Thus, judicial documents that are tantamount to performance of Article III functions likely carry a strong presumption of

6

access whereas documents that are insignificant in helping a court reach an adjudicative decision demonstrate a low presumption of access. *See United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2d Cir. 1995).

*Second,* if the documents are indeed judicial documents, the Court must then weigh the common law and constitutional presumption of access attached to the documents in question. *See Saadeh*, 2021 WL 965334 at \*2 (citing *Lugosch*, 435 F.3d. at 119–120).

*Finally*, the Court must use its discretion to determine "whether there are any countervailing concerns that would weigh against full public access to the documents." *See Saadeh*, 2021 WL 965334 at \*2 (citing *Lugosch*, 435 F.3d. at 120). Specifically, the court must balance competing considerations against the presumptive right to access, including "the danger of impairing judicial efficiency and the privacy interests of those resisting disclosure." *King Pharm., Inc.*, 2010 WL 3924689, at \*4 (citation omitted). In so doing, courts must be cognizant that "the presumption of public access to court documents has the potential to exacerbate . . . harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record." *See Brown*, 2019 WL 2814839 at \*3. The question of whether documents are sealed is ultimately left to the sound discretion of the district court, which should "be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (citations omitted).

In analyzing privacy interests as a competing consideration against the presumptive right to public access, this Circuit has clearly enunciated "that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995). The

7

*Amodeo* Court articulated three factors to consider in making sealing determination based on privacy interests. *First*, "courts should consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illness, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* at 1051. *Next*, courts should consider "[t]he nature and degree of injury . . . . This will entail consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." *Id. Lastly*, courts should consider the reliability of the information and err on the side of non-disclosure of unverified information. *Id.*

## DISCUSSION

### A. Did Defendants Waive Sealing Protections for Any of the Documents?

Before addressing the *Lugosch* factors, the Court must first address whether the Defendants waived, pursuant to Fed. R. Civ. P. 5.2(h), their privacy protections by filing their *own* unredacted personal information on the docket.

Rule 5.2(a) states that "unless the court orders otherwise," court filings should redact certain information, including "individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." Fed. R. Civ. P. 5.2(a). Filings including such information may only reveal: 1) the last four digits of a social security or taxpayer identification number, 2) the year of an individual's birth, 3) a minor's initials, and 4) the last four digits of a financial account number. *See id.*

However, when an individual files their *own* sensitive information with a court—failing to redact or seal that information—the protections of Rule 5.2(a) are waived as to that individual.

*See* Fed. R. Civ. P. 5.2(h); *see also Lyons v. Does*, No. 22-CV-00489 (LTS), 2022 WL 329268, at *2 (S.D.N.Y. Feb. 3, 2022) ("A person who fails to redact [information protected by F.R.C.P. 5.2(a)] or file it under seal waives the protections of Rule 5.2 as to his or her own information."). A person may purposefully intend to waive privacy protections when filing unredacted material with the court after weighing the costs of redaction to the benefits of privacy. *See* Fed. R. Civ. P. 5.2, advisory committee note. However, if a person files such PII by mistake, that individual may seek relief from the court but must overcome the public's presumptive right of access if it is a judicial document. *See Vilardell v. United States Citizenship & Immigration,* No. 11-cv-5765 (CM)(KNF), 2013 U.S. Dist. LEXIS 25710, at *2-3 (S.D.N.Y. Feb. 19, 2013).

In *Vilardell, pro se* plaintiff filed exhibits which contained his birthdate, social security number, and medical history. *Id.* at *1. He then moved to seal the exhibit over a year later. *Id.* at *3. However, the court found that plaintiff did not assert that he made a mistake or otherwise assert a "compelling reason" as to why the document should be sealed since his protections were waived under Rule 5.2. *Id.; see also Kern v. Burt,* No. 07-cv-13576, 2014 U.S. Dist. LEXIS 77751, at *3 (E.D. Mich. June 9, 2014) (denying plaintiff's request to seal medical information in part because he waived privacy protections under Fed. R. Civ. P. 5.2 when he originally filed the unredacted information); *Lucky v. Ky Bank (In re Lucky),* No. 05-54625, 2011 Bankr. LEXIS 5734, at *14 (Bankr. E.D. Ky. Mar. 21, 2011) (finding that plaintiff waived protections under Rule 5.2(a) when she filed joint stipulations which included her social security number and date of birth and could not establish an injury resulting from disclosure of the information especially after waiting 21 days before moving to restrict public access).

Defendants are correct that "[Tang] cannot waive the social security number of defendant [Han]," as Tang cannot waive F.R.C.P. 5.2(a)'s protections for another person. (*See* ECF No.

9

73.); *see Lyons*, 2022 WL 329268 at *2 (stating that a person who files unredacted information only waives protection as to his or her own information). However, as to their own disclosure of PII, Defendants have indeed waived Rule 5.2's protections. Similar to *Vilardell, Kern,* and *Lucky*, for certain documents, Defendants do not claim that filing the documents was a mistake; rather, they assert that these were "inadvertent disclosures" that "do not constitute waivers." (ECF Nos. 73 and 81.) Defendants allowed some of these documents to remain on the docket for months and now blame Plaintiffs for including it in the subpoena instead of taking accountability for their own unredacted filings.

Accordingly, the following documents are waived[2]:

| ECF No. | Type of Document | Waived? |
|---|---|---|
| 45-2 | Tang's motion to quash: Contains Tang's and Han's social security numbers and JLK Holdings, INT, LLC's Tax ID number | Yes, as to Tang. No as to JLK and Han. |
| 51-2 | Han's motion to quash: Contains Tang's and Han's social security numbers and JLK Holdings, INC, LLC's Tax ID number | Yes, as to Han. No as to JLK and Tang. |
| 61-1 | Han's motion to quash non-party Alpha Law LLC subpoena | No waiver. |
| 61-2 | Han's motion to quash non-party Alpha Law LLC subpoena | No waiver. |
| 61-3 | Han's motion to quash non-party Alpha Law LLC subpoena: Contains Travelhome LLC's full bank account number | No waiver. |
| 62-2 | Tang's motion to quash-subpoena addendum: Contains Travelhome LLC's and Tang's bank account numbers | Yes, as to Tang. No as to Travelhome LLC. |
| 65-2 | Plaintiffs' opposition to Defendant Tang's motion to quash | No waiver. |
| 70-1 | Plaintiff's opposition to Defendant Han's motion for leave to supplement his motion to dismiss: Contains Travelhome LLC's and Han's full bank account numbers | No waiver. |
| 76 | USCIS Subpoena Addendum attached to Defendant Tang's motion to quash | No waiver. |

---

[2] As to ECF Nos. 34-2, 34-4, and 34-6, the Court directs the Clerk of the Court to take down ECF No. 34 entirely in accordance with its prior Order. *See* Electronic Order dated Sept. 30, 2023); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (noting that documents exchanged during discovery are not judicial documents).

Defendants also attempt to seek refuge in the Confidentiality Stipulation and Order's terms. The Confidentiality Stipulation and Order was filed on February 28, 2024 and So Ordered by the undersigned on February 29, 2024 (ECF Nos. 67 and 68.) Paragraph (g) of the Stipulation and Order states:

> The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and *providing that the material has not already been published or otherwise disclosed*, such portion(s) shall thereafter be treated as confidential under this Order.

(ECF No. 67) (emphasis added).

Defendants' insistence that the terms of the Confidentiality Order apply is unpersuasive. (ECF Nos. 73, 81). That Stipulation and Order governs production among and between the parties, not filing of sealed or confidential documents. Sealing is distinct from confidential treatment of documents produced between the litigants. *See Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10-cv-698 (RJS), 2010 WL 3958791, at *3 (S.D.N.Y. Sep. 23, 2010) (finding that defendant's argument that disclosure of the subject documents was inconsistent with and undermined the parties' confidentiality agreement, did not establish sealing was necessary). The mere existence of a confidentiality agreement entered into between the parties, does not weigh against the presumption of public access to the documents and the Court must still engage in an analysis to determine whether sealing is necessary under *Lugosch*. *See Doscher*, at *3 ("the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access") (citation omitted).

Indeed, there are additional reasons that reliance on Confidentiality Stipulation and Order is misplaced. *First*, the Confidentiality Stipulation and Order did not take effect until February

29, 2024, months after *most* of these documents were *already filed* on the docket. *Second* and relatedly, the terms of the Confidentiality Stipulation and Order only govern "material [that] has *not* already been published or otherwise disclosed," therefore the Order does not apply. *Finally, Defendants* themselves already filed the documents on the docket and failed to raise any issues of inadvertent filings until *Plaintiffs* raised them in their opposition to the motion to seal (ECF No. 72.)

Defendants bear the consequences of filing their own unredacted PII to linger on the docket for months. (*See* ECF Nos. 45-2, 51-2, and 62-2); *see also Byfield v. New York City Dep't of Educ. (NYCDOE)*, No. 22-CV-5869 (LTS), 2022 WL 3362874 (S.D.N.Y. July 29, 2022) ("[T]he fact that documents have been publicly available for some time weighs against sealing them."); *Crossman v. Astrue,* 714 F. Supp. 2d 284 (D. Conn. 2009) ("The clerk is not required to review documents filed with the court for compliance with this rule. The responsibility to redact filings rests with counsel and the party or nonparty making the filing."). The Court next analyzes all documents described in Defendants' motion under *Lugosch.*

### B. Application of the Lugosch Factors

A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995). Here, Defendants seek to seal sensitive information previously filed in connection with their respective motions to quash Plaintiffs' issued subpoenas, and Plaintiff's opposition to Defendant's motion to file excess pages.

Defendant Han requests that the exhibit filed at ECF No. 70, which contains Travelhome LLC's and Han's bank account information, be sealed. This document is a judicial document in connection with a dispositive motion, namely, Defendant's Han's request to file excess pages for

12

his motion to dismiss. *Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022) ("a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss"). Therefore, the presumption of public access is greater than that on a discovery motion. *New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022) ("[W]here the document is submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only 'modest' weight, because the resolution of a discovery motion does not require the Court to analyze the merits of the parties' claims or defenses.") However, sealing *of the exhibit only* (ECF No. 70-1), not the motion papers itself, is warranted for several reasons: *first*, the matter is governed by the parties' Confidentiality Stipulation and Order (ECF No. 67) which states that sensitive personal data such as financial information shall be designed as "confidential;" *second*, the privacy protections have not been waived with respect to this filing, as Plaintiffs (not Defendants or non-party Travelhome LLC) filed these statements in opposition to a motion by Defendant Han; *third*, the motion to seal was filed *the same day* as the Plaintiff's disclosure of Han's and Travehome's bank records, which means that Han took swift action in trying to rectify the exposure; and *finally*, given the hardships that Plaintiffs' counsel will have in redacting this forty-six page document (*see* ECF No. 72 at 2), simply filing the document under seal will eliminate such a burden on counsel. *Cf. Cont'l Indem. Co. v. Timothy Coffey Nursery/Landscape, Inc.*, No. 21-CV-0853 (JS) (JMW), 2022 U.S. Dist. LEXIS 26263, at *12 (E.D.N.Y. Feb. 14, 2022) (noting that defendants sought leave to seal the record an entire year after the action began and that "[f]ailure to take prompt action in requesting that public documents be sealed may, alone, be a justifiable reason to deny a motion to seal") (citing *Rollag v. Cowen Inc.*, No. 20-CV-5138 (RA), 2020 WL 4937462, at *3 (S.D.N.Y. Aug. 24, 2020)).

With respect to the requested documents to be filed under seal in connection with the motions to quash, the court in *Brunckhorst v. Bischoff*, No. 21-cv-4362 (JPC), 2023 U.S. Dist. LEXIS 17308, at *3 (S.D.N.Y. Jan. 31, 2023) explored whether such documents are considered "judicial documents." There, the court found that an opposition to a motion to quash, which included a letter brief and a declaration with exhibits was indeed a judicial document: "Because the Court will review Brunckhorst's filings in connection with resolving the motion to quash, the filings are relevant to the performance of the Court's judicial function." *Id.* at *3.

The *Brunckhorst* court went through the remaining *Lugosch* factors and noted that the presumption of public access in filings concerning discovery disputes "is somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Id.* at *4. Finally, the court stated that the *entire* opposition to the motion to quash should not be sealed as such a request would not be narrowly tailored to protect the privacy interests at issue. The court there instead allowed the movant to refile the opposition papers with redactions.

Likewise, here, the requested exhibits containing PII to seal (ECF Nos. 45-2, 51-2, 61-1, 61-2, 61-3, 62-2, and 65-2) are judicial documents because they were relevant in deciding the motions to quash that were previously before the Court for consideration. However, as noted in *Brunckhorst,* discovery motions do not carry with them the same presumption of public access as dispositive motions. Still, the Court exercises its discretion in finding that the documents should be appropriately redacted, and not sealed, in an effort to both protect the privacy interests at issue while still allowing the public to review the pertinent information relevant to the case. *See e.g., City of Almaty, Kazakhstan v. Ablyazov*, No. 15-cv-5345 (AJN), 2021 WL 1177737, at *3 (S.D.N.Y. Mar. 29, 2021) (finding that, although documents at issue implicated the individual's

privacy interest because they reflected his connection to certain business entities, sealing was not warranted as "those entities and the transactions at issue [we]re at the center of th[e] case"); *see also Entral Group Int'l, LLC v. YHCL Vision Corp.,* 436 F. Supp. 2d 404, 405 (E.D.N.Y. 2006) (discussing the policy considerations associated with disclosure of social security numbers and stating that disclosure should only occur if there is a "substantial showing of particularized need accompanied by [narrow] restrictions" for their use).

Because Defendants Tang and Han have waived their privacy protections for their own PII concerning some of the documents as discussed above, the Court affords the parties the opportunity to replace and re-file the following documents subject to the appropriate redactions in accordance with Fed. R. Civ. P. 5.2(a):

- ECF No. 45-2: Defendant Han's social security number and JLK Holdings, INT, LLC's Tax ID number;
- ECF No. 51-2: Defendant Tang's social security number and JLK Holdings, INC, LLC's Tax ID number; and
- ECF Nos. 61-3 and 62-2: Travelhome LLC's full bank account number.

The Court also reviewed Defendants' other requests to seal ECF Nos. 61-1, 61-2, and 65-2, but has found that those documents are devoid of any PII covered under Fed. R. Civ. P. 5.2. Nor has Defendant Han explained why the documents should be sealed beyond stating they were "inadvertent disclosures." (ECF No. 81.) Thus, the branch of Defendant Han's motion to seal those documents is denied.

Finally, Defendant Tang also moves to seal the unredacted subpoena served upon the USCIS filed in connection with her motion to quash this subpoena. (ECF Nos. 76-77.) Contrary to Tang's argument that the subpoena and its addendum are not judicial documents (*id.* at 9-10), the Court finds that analyzing them would be relevant to the Court's judicial function in

15

determining whether to grant the motion to quash. And although this document is part of a discovery motion and would necessitate a "lesser—but still substantial—presumption of public access"[3], as Plaintiffs point out, the *same* allegations in the subpoena's addendum are made in the operative Complaint filed at ECF No. 33.[4] (ECF No. 80.) For example, the allegations concerning Tang and her sister and Tang's alleged falsification of her immigration status are identical to paragraph 88 in the Complaint, and the allegations regarding Tang's purported solicitation of Chinese investors is the same as paragraph 87. (*See* ECF No. 33 ¶¶ 87-88.)

Accordingly, the Court grants Defendant's motion to seal ECF No. 70-1; grants in part and denies in part Defendant's motion at ECF No. 81; and denies Defendant's motion to seal the unredacted subpoena filed at ECF No. 77.

## **CONCLUSION**

For the reasons stated herein, Defendants' motions to seal are decided as follows:

- Defendant Han's motion to seal (ECF No. 71), as to the documents filed at ECF No. 70-1 (not ECF No. 70 in its entirety), is granted.

- Defendant Han's motion to seal the following documents (ECF No. 81) is granted in part and denied in part:

    - ECF No. 34-2, 34-4, 34-6 is granted and the documents shall be stricken from the docket entirely;

---

[3] *Ashmore v. CGI, Inc.,* 2020 U.S. Dist. LEXIS 22668, at *3 (Feb. 7, 2020) ("Materials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser—but still substantial—presumption of public access as compared with materials introduced at trial or in support of a dispositive motion.").

[4] It is undeniable that a Complaint is a judicial document for which the presumption of public access applies. *See In re Dankas v. CartoDB, Inc.,* No. 18-CV-7051 (DLI) (CLP), 2020 U.S. Dist. LEXIS 269225, at *4 (E.D.N.Y. July 20, 2020). Therefore, the Court will not entertain any attempts by Defendants to seal the Complaint.

- - ECF Nos. 45-2, 51-2, 61-3, and 62-2 is granted in part and denied in part as the parties shall re-file the documents with the appropriate redactions as set forth above; and

  - ECF Nos. 61-1, 61-2, 65-2 is denied.

- Defendant Tang's motion to seal the unredacted subpoena filed at ECF No. 77 is denied.

Dated: Central Islip, New York
       April 19, 2024

S O  O R D E R E D:
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge