UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KENN ZOU *et al.*,

                     Plaintiffs,

                  **MEMORANDUM**
                  **AND ORDER**

       -against-

               23-CV-02370 (JMA) (JMW)

XIAO HAN *et al.*,

                     Defendants.
-------------------------------------------------------------------X

**A P P E A R A N C E S:**

Ming Hai, Esq.
**Law Offices of Ming Hai P.C.**
36-09 Main Street, Suite 7B
Flushing, NY 11354
*Attorney for Plaintiffs and Counter Defendants Kenn Zou and Chunlan Li*

Alexander Paykin, Esq.
**The Law Office of Alexander Paykin**
The Empire State Building, 59th Floor
New York, NY 10118
*Attorney for Defendant and Counter Claimant Xiao Han*

Mingyuan Zhang, Esq.
Robert Hawkins, Esq.
**The Law Office of Alexander Paykin**
99 Tulip Ave, Ste. 408
Floral Park, NY 11001
*Attorneys for Defendant and Counter Claimant Xiao Han*

Carolyn Shields, Esq.
Ying Liu, Esq.
**Liu & Shields LLP**
41-60 Main Street, Suite 208A
Flushing, NY 11355
*Attorneys for Defendant Jun Tang*

1

**WICKS,** Magistrate Judge:

Plaintiffs commenced this action against Defendants alleging various causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"),18 U.S.C. § 1962, and state law claims.  (*See* ECF No. 33.)  The parties are currently in the midst of fact discovery.  (*See* Electronic Order dated June 18, 2024.)  Now, before the Court are three letter motions:

1.  Plaintiffs' letter motion to compel employee identification numbers ("EINs"), tax records, and bank records from Defendant Tang (ECF No. 88);

2.  Plaintiffs' letter motion for reconsideration of the undersigned's previous Order which denied Plaintiffs' motion to So Order a subpoena to H&R Block for non-party tax records (ECF No. 90); and

3.  Defendant Tang's letter motion for a protective order or to modify a non-party subpoena *duces tecum* (ECF No. 97).

All three motions are opposed.  (*See* ECF Nos. 89, 91, and 98.)  For the reasons set forth below, Plaintiffs' motion to compel is **denied in part and granted in part** (ECF No. 88); Plaintiffs' motion for reconsideration is **denied** (ECF No. 90); and Defendant Tang's motion for a protective order is **denied**.  (ECF No. 97.)

## DISCUSSION

## I.    Motion to Compel

### *Plaintiffs' Position*

Plaintiffs request the: (1) EIN numbers of Travel Home, LLC and TL403 LLC[1]; (2) bank account numbers and bank names where Tang and TL403 LLC have accounts; and (3) tax returns from JLK LLC[2] for 2022 and 2023.  (ECF No. 88 at 1.)  In addition to the claims that

---

[1] Travel Home LLC and TL403 LLC are two non-party companies owned by Defendant Tang and they were allegedly used to conceal monies that should have gone to Plaintiffs.

[2] JLK LLC is the company that Tang, Han, and Zou owned.  The transfer of the shares of ownership between the Defendants are in dispute.

Defendant Tang used Travel Home and TL403 LLC to transfer funds to and from JLK LLC, Plaintiffs allege that Defendant is liable for tax frauds having underreported the incomes and falsified the reported deductions for several years. (*Id.* at 2.) Plaintiffs have summarized the schemes in the below chart:



Plaintiffs state that they do not have the EIN numbers of Travelhome LLC or TL403 LLC, or the bank account information for TL403 LLC. (ECF No. 88 at 3.) The information is relevant, according to Plaintiffs, since Travelhome received large transfers for funds stolen from JLK and the two companies—Travelhome and TL403—were both used to fund JLK. (*Id.*) Further, Plaintiffs state they are entitled to JLK's tax returns since Zou is the "founder, owner and major partner" of the company. (*Id.*) Even though Tang admitted the bank statements were relevant and necessary but not the tax returns, she has refused to turn over the requested information. (*Id.*)

***Defendant Tang's Position***

Defendant Tang argues that the motion fails to comply with EDNY local rules in that Plaintiffs fail to specify and quote the discovery request and response to which the motion is addressed and have failed to attach the relevant materials.  (ECF No. 89.)  Defendant next argues that the items requested—EIN numbers, bank account numbers, and JLK tax returns—were never requested in prior interrogatories or requests for production or Plaintiffs otherwise already have these items.  (*Id.* at 2-3.)  Indeed, the tax returns were *only* requested in the motion to compel currently before the Court.[3]  (*Id.* at 2.)  Thus, Tang has not refused to provide these documents and has already produced the return for JLK form 2015 through 2021.  (*Id.*)  These tax returns for 2022 and 2023 also have not been filed.  (*Id.*)

As for the EIN numbers, Defendant states that Plaintiffs already have these documents at ECF Nos. 82-4 and 78-4.  (*Id.*)  Further, she contends that courts have found that non-parties like Travelhome and TL403 should not be compelled to answer party interrogatories and vice versa.  (*Id.*)  Tang additionally states that the EIN numbers are irrelevant because (1) although Plaintiffs allege that TL403 LLC purchased property, the property was bought in 2014 *before JLK was formed* and sold in 2021 and therefore had no effect on Plaintiffs or the other predicate acts; (2) the property was never actually sold and thus Plaintiffs cannot establish any damage was done; and (3) the allegations that the JLK tax returns report deductions for management fees collected by TL403 concern an injury to *governmental taxing authorities,* not Plaintiffs.  (*Id.* at 4-5.)  Accordingly, Plaintiffs have no standing to retrieve these documents or information.

---

[3] Notably, the tax returns previously requested were for Tang and Travelhome LLC and TL403 LLC, not JLK.  (*See* ECF No. 87 at 2.)

4

Finally, Defendant states that the bank statements for the non-parties are also requested

for a non-party through a party.[4]  (*Id.* at 4.)  Tang objects to producing these documents.  (*Id.*)

> ### a. The Legal Standard
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining the

action.'"  *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y.

Feb. 16, 2016) (quoting Fed. R. Evid. 401).  Moreover, "[t]he party seeking the discovery must

make a *prima facie* showing that the discovery sought is more than merely a fishing expedition."

*Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also*

*Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16,

2007) ("[T]he party seeking discovery bears the burden of initially showing relevance.").  To that

end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs

of the case, taking into consideration such aspects as the importance of the issues, the amount in

controversy, the parties' resources and access to the information sought, and the importance of

the information sought to the asserted claims or defenses.  *Sibley v. Choice Hotels Int'l*, No. 14-

CV-634 (JS) (AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

---

[4] The corresponding request for production of documents states: "Any and all records and statements regarding all checking accounts, and/or saving accounts, held in the names of Travelhome LLC, TL 403 LLC, ZWT, LLC, JLK Holdings, INT, LLC, alone or together with any other person(s), entities from 2015 through the present time."  (ECF No. 89-3 at 17.)

"Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, No. 13-CV-6170 (JFB) (AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). That is, the more relevant the information sought is, the less likely the Court would find the subject discovery disproportionate. *Id.*

### b. Application

#### i. EINs for Travelhome LLC and TL403 LLC

"Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns." *Caputi v. Topper Realty Corp.*, No. 14-cv-2634 (JFB) (SIL), 2015 U.S. Dist. LEXIS 24969, at *4 (E.D.N.Y. Feb. 25, 2015) (internal citations omitted). "[A] party seeking the production of tax returns must satisfy a two-part test: (1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." *Grabis v. Navient Sols., LLC (In re Grabis)*, Nos. 13-10669-JLG, 15-01420-JLG, 2018 Bankr. LEXIS 3665, at *40 (Bankr. S.D.N.Y. Nov. 20, 2018) (citing *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 150 (E.D.N.Y. 2008)). The

burden is on the movant to fulfill both prongs of this test. *See Agerbrink v. Model Serv. LLC*, No. 14-cv-7841, 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017).

Here, the EINs are not relevant given that Plaintiffs seek information related to an alleged real estate purchase taking place in 2014 which *pre-dates* the JLK's formation and thus the alleged relevant frauds that occurred. Further, Plaintiffs never requested this specific information from Defendants in any prior interrogatory or request for production. (*See generally* ECF No. 89.) Separately, Plaintiffs cannot serve non-party document requests upon a named party—those requests must be served upon the non-party itself via a subpoena pursuant to Fed. R. Civ. P. 45. *See Chiquita Fresh N. Am., LLC v. Long Island Banana Corp.*, 14-982 (ADS) (AKT), 2018 U.S. Dist. LEXIS 168247, at *6-7 (E.D.N.Y. Sept. 28, 2018) ("Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45, not the rules governing discovery of parties.") (citing *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001)). Finally, because EINs are generally associated with tax documents and because Plaintiffs have not demonstrated the relevance of obtaining the EINs, the request for these documents is denied. (*See* ECF No. 87 at 9-11) (denying Plaintiffs' request to so order a non-party subpoena for tax returns because of the lack of relevance and compelling need).

### ii.   Bank Account Numbers and Bank Names Where Tang and TL403 LLC Have Accounts

In contrast to the EINs, the Court has stated in a prior order that the bank documents are relevant in that they can reveal information related Defendants' alleged fraud. (ECF No. 66 at 6.) Defendant Tang states that Plaintiffs already have the very documents in its possession. Typically, courts in this Circuit would not compel production of documents "when the material is equally available to the other party from another source." *SEC v. Strauss*, 09 Civ. 4150 (RMB)(HBP), 2009 U.S. Dist. LEXIS 101227, at *30-31 (S.D.N.Y. Oct. 28, 2009). However,

given that Plaintiffs state that these documents were not provided to them (ECF No. 90)[5], Defendant shall provide this information to Plaintiffs.  *Scharff v. Claridge Gardens, Inc*., No. 88 Civ. 2047 (JMC), 1989 U.S. Dist. LEXIS 1056, at *22-23 (S.D.N.Y. Feb. 1, 1989) ("However, the record is unclear as to whether plaintiffs are in fact in possession of the documents they seek from defendants…moreover, defendants have failed to make the necessary showing that furnishing the allegedly duplicative information will be burdensome. Accordingly, defendants must comply with plaintiffs' request.") (internal citations omitted).  Accordingly, Plaintiffs' request is granted.

### iii.   Tax Returns for JLK from 2022 through 2023

Defendant Tang appears not to object to producing the JLK tax returns for 2022 through 2023.  However, she states that the 2022 to 2023 JLK LLC tax returns were never prepared. (ECF No. 89 at 2.)  Further, Carolyn Shields, Tang's attorney, has already provided a declaration stating that "Defendant Tang did not prepare returns for the tax years 2022 and 2023 and is asking plaintiff Zou to take over preparing JLK's tax returns."  (ECF No. 89-1 at 2.)  Thus, although the request for the JLK LLC tax returns *might* fare differently than the prior requested tax returns for Tang and the two non-party LLCs given that Plaintiff Zou is a member of JLK and JLK is a derivative party in this case, Plaintiffs' request for tax returns is denied given the non-existence of such tax returns.

---

[5] Specifically, Plaintiffs allege that Tang lied about Plaintiffs' possession of all the bank account statements.  (ECF No. 90 at 2.)  Although Tang conceded that the bank statements are relevant, she still has not produced the information necessary for their production, leading to various follow up demands by Plaintiffs.  (*Id*. at 3.)

## II.      Motion for Reconsideration

***Plaintiffs' Position***

Plaintiffs requested production of Defendant Tang's and her companies' (Travelhome LLC and TL403 LLC) tax returns.  (ECF No. 84.)  The Court denied this request, stating Plaintiffs failed to demonstrate a compelling need for the documents.  (ECF No. 87.)  Plaintiffs imply that the Court should reconsider its Order to correct material error or otherwise prevent a clear injustice.  (ECF No. 90.)  Specifically, Plaintiffs state that they did not have an opportunity to reply to Defendants' opposition to the underlying motion and that Defendant misrepresented that Plaintiffs did not provide responses to Tang's discovery requests; Tang has not committed tax fraud and those allegations against her are fictional; misstating a Supreme Court case (*Anza v. Ideal Steel Supply Corp*., 547 U.S. 451, 460 (2006)) by falsely stating that RICO plaintiffs have no standing to assert a wire fraud claim based on fraudulent tax returns.  (ECF No. 90.)  Indeed, Plaintiffs state that Plaintiffs in addition to being *directly* injured by Defendants' tax fraud schemes, Plaintiffs still can act as private attorneys general to ferret out crimes like those at issue here.  (*Id.* at 2.)

Plaintiffs state that from 2016 to 2022, Tang forged Plaintiff Zou's electronic signatures on tax documents, used his social security numbers without consent, impersonated him on tax returns for JLK, LLC filed from 2015 through 2021—a revelation only recently uncovered in discovery.  (ECF No. 90 at 2.)  As a result of Tang's forgery, Plaintiff Zou incurred almost $5 million in tax liabilities.  (*Id.*)

Further, new circumstances arose after the underlying motion was decided—Tang refused to provide the relevant bank account information, as discussed in Plaintiffs' motion to compel filed at ECF No. 88.  (ECF No. 90 at 2-3.)  Plaintiffs state that bank account statements

9

cannot act as a substitute for tax returns here, as the statements "do not match the tax returns" and obtaining the tax documents will demonstrate her pattern of committing wire frauds.  (ECF No. 90 at 3.)  Plaintiffs additionally assert that that depositions would not be appropriate as Defendants are not likely to provide truthful answers, which would ultimately be self-incriminating.  (ECF No. 90 at 3.)

### Defendant Tang's Position

Defendant states that Plaintiffs have not identified any of the bases to justify reconsideration.  (ECF No. 91.)  Namely, Plaintiffs' counsel had JLK, LLC's tax returns since December 2023, so this is not a recent discovery as counsel suggests.  (*Id.* at 2.)  Further, the JLK tax returns that Plaintiffs offer in support do not demonstrate that Zou's signature was forged or any criminal activity was otherwise at play—Zou's signature is not on the returns, only his typed name can be found on these documents.  (*Id.*)  Plaintiffs also fail to submit returns for 2016, 2017, and 2022.  (*Id.* at 3.)  Moreover, the tax returns that *were* provided show that the documents were prepared by the company's tax preparer, Erma York.  (*Id.*)  Finally, Zou *consented* to the use of his tax identification number.  (*Id.*)

Defendant Tang further states that the SAC is void of any injury by Defendant's alleged mail or wire fraud based on fraudulent tax returns.  (ECF No. 91 at 4.)  Defendant cites to *Conte v. Tapps Supermarket Inc.*, 22-CV-3109 (DG) (JMW), 2023 WL 6594351, at *13 (E.D.N.Y. July 3, 2023), which states that defendants' act of defrauding the IRS, a third party, does not constitute an injury to plaintiff.  (*Id.*)  No injury means the tax returns are irrelevant and indicates there is no compelling need.

Separately, in an interrogatory, Plaintiffs asked whether Defendant has committed or attempted to commit a crime for which she was not arrested—a question regularly asked on

immigration forms.  (ECF No. 91 at 5.)  Plaintiffs purportedly misrepresented how Defendant answered this question; she did not invoke the Fifth Amendment, rather, she objected to the question as irrelevant and immaterial, overbroad, and that she was not waiving her self-incrimination privilege in making these objections.  (*Id.*)

    **a.   The Legal Standard**

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3." *LM Ins. Corp. v. Safety Nat'l Cas. Corp.,* No. 1:21-cv-1802(KAM)(RML), 2023 WL 8440864, at *1 (E.D.N.Y. Dec. 6, 2023). A party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the Court has overlooked." S.D.N.Y & E.D.N.Y Civ. R. 6.3. Reconsideration is justified where: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). The reconsideration standard is "strict" to "dissuade repetitive arguments on issues that have already been considered fully by the court." *Nielsen v. New York City Dep't of Educ.*, 04 CV 2182 (NGG) (LB), 2007 WL 2743678, at *1 (E.D.N.Y. Sept. 18, 2007) (quoting *Lykes Pasco v. Ahava Dairy Prods. Corp.*, CV-97-0652, 1998 WL 427570, at *3 (E.D.N.Y. Jan. 26, 1998)).  Reconsideration is left within the sound discretion of this Court.  *See Rivas v. Melecio*, 23-cv-05718 (JMA), 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024).

Notably, "a party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration."  *Superior Site Work, Inc. v. NASDI, LLC,* No. 14-cv-01061 (ADS) (SIL), 2017 U.S. Dist. LEXIS 77453, at *4 (E.D.N.Y. May 22, 2017) (internal quotations omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*,

684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (noting that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple).  Put simply, a reconsideration motion is not appropriate to simply secure a "do-over."

### b.  Application

Here, Plaintiffs have not identified any new evidence that would warrant granting their motion for reconsideration.  Plaintiffs had, in their possession, the JLK LLC tax returns from 2015 through 2021 which would have indicated whether those documents had been forged. Indeed, in the proposed amended complaint dated December 18, 2023, Plaintiffs detail the purportedly false tax amounts in each of the tax returns from 2015 through 2021.  (*See* ECF No. 53-3 at 66, 68, 71, 73, 75, 77, 79.)  Therefore, Plaintiffs cannot now claim they had no knowledge that Zou's name was on these tax returns.[6]

Further, Plaintiffs focus on distinguishing *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 460 (2006) with the present case, by stating that the law allows private attorneys general, like Plaintiffs, to "vindicate the law" since they were directly injured by Defendants as a result of the tax fraud.  However, the undersigned never rested its prior decision on either party's interpretations of *Anza*.  Therefore, even if Defendant Tang had misread *Anza* as Plaintiffs argue, it would not make a difference in this Court's prior ruling.

---

[6]  Zou's *signature* is not "forged" on the tax returns as Plaintiffs' claim; rather his signature is merely type printed—see below:

**Designation of Partnership Representative** (see instructions)
Enter below the information for the partnership representative (PR) for the tax year covered by this return.

| | |
|---|---|
| Name of PR | KANG ZOU |
| U.S. address of PR | 1404 S OCEAN BLVD MYRTLE BEACH SC 29577 |

Finally, as discussed in the Court's prior Order, there are other ways to obtain the information: through non-party bank statements and depositions.  (ECF No. 87 at 12.)  As mentioned above, Defendant Tang is directed to produce the information and documentation relevant for Plaintiffs to retrieve Travelhome's and TL403's bank information.  Moreover, Plaintiffs have not attempted to obtain the documents through depositions but merely state that asking questions about the documents would yield false answers.  Thus, Plaintiffs here do not make a tenable argument as to why the non-party subpoenas are relevant given the other possible avenues of obtaining the requested information.  To the extent that Plaintiffs fail to obtain the necessary information through bank statements or Defendants' and the nonparties' depositions, Plaintiffs may renew their motion.

Accordingly, Plaintiffs' motion for reconsideration is denied without prejudice.  *See Ass'n of Holocaust Victims of Restitution of Artwork & Masterpieces v. Bank Aus. Creditanstalt AG,* No. 04-cv-3600 (SWK), 2005 U.S. Dist. LEXIS 28880, at *6 (S.D.N.Y. Nov. 16, 2005) (denying motion for reconsideration where plaintiff failed to present newly discovered evidence and explain why the evidence could not have been found by due diligence, which "warrant[ed] no change from the Court's prior ruling"); *Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.,* 160 F. Supp. 3d 574, 578-79 (S.D.N.Y. 2015) (denying motion for reconsideration where movant failed to identify an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice).

### III.    Defendant Tang's Motion for a Protective Order/Motion to Modify Subpoena

The subpoena at issue was delivered to Defendant's attorney from a related case in South Carolina concerning information for Tang, Travelhome, and TL403 LLC.  (ECF No. 97 at 1.)  The subpoena itself seeks disclosure of private information such as tax returns.  (*Id*.)  Defendant

Tang first states they have standing to bring the motion since it concerns information to which she has a claim of privilege attached.  (*Id*. at 2.)  As to jurisdiction, Plaintiffs stated that the motion should be brought in South Carolina.  (*Id*. at 3.)  But Defendant states that Rule 26(c) states that a party can move for a protective order "where the action is pending" so this court has authority to modify the subpoena.  (*Id*.)  In the event that the court believes this District has no jurisdiction, then Tang seeks an extension of time to comply with the Court's order.  (*Id*. at 6.)  Defendant Tang seeks a protective order protecting her from providing explanations to Plaintiffs' demands in the subpoena as this is beyond the scope for a subpoena *duces tecum*.  (*Id.* at 5.)  Further, there are other ways to get the materials, such as through public databases, and the information was previously disclosed to Plaintiffs.  (*Id*.)

Plaintiffs state that the information sought is relevant in that it would support evidence of Tang's money laundering schemes since it is alleged that she used Plaintiffs' funds to purchase real property elsewhere.  (ECF No. 98 at 1.)  Plaintiffs state that the court issued an order denying Defendants' motion to quash an identical subpoena.[7]  (*Id*. at 3.)  They further state the subpoena does not call for privileged information and therefore Tang does not have standing.  (*Id*.)  However, as to the sensitive information such as bank account and social security numbers, this information has been waived by Defendants.  (*Id*.)  Further and most importantly, as to jurisdiction, Plaintiffs now consent to this Court's jurisdiction over this motion because it is better equipped with factual knowledge about the case.  (*Id*.)

Despite the case pending in EDNY and the parties' consent to have this Court preside over this motion, the EDNY is simply not the appropriate court from which to seek the relief; rather, this motion should be brought in the forum of compliance, not the issuing court.

---

[7] Notably, however, none of those subpoenas required compliance in an entirely different state.  (ECF No. 66.)

The *Cleary v. Kaleida Health* court recently found that courts in this Circuit look to the residence of the non-party recipient of the subpoena.  *Cleary v. Kaleida Health*, No. 22-cv-00026(LJV)(JJM), 2024 U.S. Dist. LEXIS 55136, at *9 (W.D.N.Y. Mar. 27, 2024).  The Court in *Cleary* also found that defendants, the movant on the motion to quash, has the burden to show that the Western District of New York was the court of compliance.  The parties there did not contest that the primary place of business was in New York, N.Y. and therefore the district where compliance was required was in the Southern District of New York and the Western District did not have the power to quash and/or modify the subpoena. *Id.* at 9-10; *see also Wartluft v. Protect the Hersheys' Children, Inc*., No. 17-mc-235 (RJS); [16-cv-2145-CCC (M.D. Pa.)]; No. 17-mc-240 (RJS); [16-cv-1958-CCC (M.D. Pa.)], 2017 U.S. Dist. LEXIS 108128, at *2 (S.D.N.Y. July 11, 2017) (finding that SDNY lacked jurisdiction over the subpoena because it was neither the issuing court nor the forum of compliance); *Oasis Focus Fund LP v. Chao*, 22 Misc. 113 (PAE), 2023 U.S. Dist. LEXIS 61227, at *3 (S.D.N.Y. Apr. 6, 2023) (stating that a motion to modify a subpoena "must be brought in the district where compliance is required" and citing Fed. R. Civ. P. 45(d)(3)); *see also JMC Rest. Holdings, LLC v. Pevia*, 14 Civ. 6157 (WFK) (VMS), 2015 U.S. Dist. LEXIS 62374, at *7 (E.D.N.Y. May 12, 2015) ("[T]he court for the district where compliance is required is the proper venue for a motion to compel.").

Here, the subpoena concerns non-party entities TL403 and Travelhome, which are both businesses founded in South Carolina. (*See* ECF Nos. 33-2 and 33-3) (demonstrating the incorporated state of these entities is South Carolina and the address in is Myrtle Beach, South Carolina).  Further, the documents and recipient of the subpoena, Stephan Ouverson, are located in South Carolina.  Therefore, this Court is not the appropriate forum for this motion and the parties shall file it in a suitable court in that state.  *See, e.g., Borghetti v. CBD USA Grown, Inc.*,

No. 19-798, 2021 WL 3913974, at *1 (W.D. Pa. Sept. 1, 2021) (denying motions to compel and

for contempt when "neither of the pending [motions] were filed 'in the court for the district

where compliance is required'"); *JMC Rest. Holdings, LLC v. Pevida*, 14 Civ. 6157 (WKF)

(VMS), 2015 WL 2240492, at *5 (E.D.N.Y. May 12, 2015) (denying motion to compel a

nonparty where the court of compliance was the Southern District of New York and the parties

filed subpoena-related motions with the Eastern District of New York); *Simmons v. Fervent Elec.

Corp.*, No. 14-CV-1804 (ARR) (MDG), 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014)

(court lacked jurisdiction to address motion since filed with court where the action was pending,

and not court where compliance sought); *KGK Jewelry LLC v. ESDNetwork*, No. 11 CIV. 9236

(LTS) (RLE), 2014 WL 1199326, at *2-4 (S.D.N.Y. Mar. 21, 2014) (denying motion to quash

four nonparty subpoenas when they were filed in the Southern District of New York, but the

courts of compliance were the District of New Hampshire and the District of Rhode Island).

 For these reasons, the undersigned does not address the merits of Defendant Tang's

motion but rather denies the motion, without prejudice to filing in the appropriate district.

## <u>CONCLUSION</u>

 For the reasons stated herein,

(1) The motion to compel is **DENIED IN PART AND GRANTED IN PART** (ECF No.

 88).  Defendant Tang shall promptly produce the required information related to

 Travelhome and TL403 LLC's bank accounts. The motion is denied in all other respects

 at this juncture.

(2) The motion for reconsideration (ECF No. 90) is **DENIED** given the lack of new evidence

 cited in Plaintiffs' motion.

(3) The motion for a protective order/to modify the subpoena (ECF No. 97) is **DENIED,**

without prejudice to filing in the appropriate district.

Dated: Central Islip, New York
July 8, 2024

S O   O R D E R E D:

/S/   *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

17