UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

-----------------------------------------------------------------------X

KENN ZOU *et al.*,

                                Plaintiffs,

-against-

XIAO HAN *et al.*,

                                Defendants.

-----------------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-cv-02370-JMA-JMW

**FILED**
**CLERK**

9:52 am, Sep 06, 2024

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

    Presently before the Court are Plaintiffs' motion to amend their Second Amended Complaint ("SAC"); Defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim; United States Magistrate Judge James M. Wicks' August 6, 2024, Report and Recommendation ("R&R") on Plaintiffs' and Defendants' motions; and objections filed by each of the parties.  (<u>See</u> ECF Nos. 53–55, 100–107.)  As set forth below, the Court ADOPTS the R&R in full.  Accordingly, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion to amend their Second Amended Complaint and Defendants' motions to dismiss.

### I.      BACKGROUND

    The Court presumes familiarity with the factual and procedural background of this case, which Judge Wicks thoroughly recounted in his R&R.  (ECF No. 100, at 5–21.)

### II.      LEGAL STANDARD

**1.    Report and Recommendations.**

    A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); <u>see also</u> FED. R. CIV. P. 72(b)(3); <u>Grassia v. Scully</u>, 892 F.2d 16, 19 (2d Cir. 1989).  When a party makes specific objections, the court reviews <u>de novo</u> those portions of the R&R to which objection is made.  <u>See id.</u>; <u>see also</u> FED. R. CIV. P. 72(b)(3); <u>Kruger v. Virgin Atl. Airways, Ltd.</u>, 976 F. Supp. 2d 290, 296 (E.D.N.Y.

2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), aff'd, 578 F. App'x 51 (2d Cir. 2014).  But where "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error."  See Washington v. Gilman Mgmt. Corp., 2023 WL 6211022, at *3 (E.D.N.Y. Sept. 25, 2023); see also Thomas v. City of N.Y., 2019 WL 3491486, at *4 (E.D.N.Y. Jul. 31, 2019) (same).

To accept those portions of an R&R "to which no timely objection has been made," however, "a district court need only satisfy itself that there is no clear error on the face of the record."  Lorick, 2022 WL 1104849, at *2 (quoting Ruiz v. Citibank, N.A., 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); see also Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).  Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed."  United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).  Moreover, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'"  Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186–87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)).  Such arguments "may not be deemed objections at all."  Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (internal quotation marks omitted).

### 2.     Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory

or constitutional power to adjudicate it." Lyons v. Litton Loan Servicing LP, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).

The Second Circuit has distinguished between two types of Rule 12(b)(1) motions: (i) facial motions and (ii) fact-based motions. See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56–57 (2d Cir. 2016); see also Katz v. Donna Karan Co., 872 F.3d 114, 119 (2d Cir. 2017). A facial Rule 12(b)(1) motion is one "based solely on the allegations of the complaint or the complaint and exhibits attached to it." Carter, 822 F.3d at 56. A plaintiff opposing such a motion bears "no evidentiary burden." Id. Instead, to resolve a facial Rule 12(b)(1) motion, a district court must "determine whether [the complaint and its exhibits] allege[ ] facts that" establish subject matter jurisdiction. Id. (quoting Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). And to make that determination, a court must accept the complaint's allegations as true "and draw[ ] all reasonable inferences in favor of the plaintiff." Id. at 57 (internal quotations and citation omitted).

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits." Carter, 822 F.3d at 57; see also MMA Consultants 1, Inc. v. Rep. of Peru, 719 F. App'x 47, 49 (2d Cir. 2017) (defining fact-based Rule 12(b)(1) motion as one where "the defendant puts forward evidence to challenge the factual contentions underlying the plaintiff's assertion of subject-matter jurisdiction"). "In opposition to such a motion, [a plaintiff] must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the[ir p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." Katz, 872 F.3d at 119 (internal citations and quotations omitted). If a defendant supports his fact-based Rule 12(b)(1) motion with "material

3

and controverted" "extrinsic evidence," a "district court will need to make findings of fact in aid of its decision as to" subject matter jurisdiction. <u>Carter</u>, 822 F.3d at 57. "It is only where 'jurisdictional facts are placed in dispute' that the court has the 'obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" <u>Harty v. W. Point Realty, Inc.</u>, 28 F.4th 435, 442 (2d Cir. 2022) (quoting <u>Tandon v. Captain's Cove Marina of Bridgeport, Inc.</u>, 752 F.3d 239, 243 (2d Cir. 2014)). "When the extrinsic evidence submitted by the parties does not controvert the material allegations of the complaint, it is not error for the district court to base its ruling solely on the allegations of the complaint." <u>Id.</u> at 441.

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction…. But '[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" <u>Tandon</u>, 752 F.3d at 243 (citing <u>APWU v. Potter</u>, 343 F.3d 619, 627 (2d Cir. 2003)); <u>see also</u> <u>Robinson v. Gov't of Malaysia</u>, 269 F.3d 133, 141 n.6 (2d Cir. 2001); <u>Exch. Nat'l Bank of Chicago v. Touche Ross & Co.</u>, 544 F.2d 1126, 1130 (2d Cir. 1976); <u>International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.</u>, 146 F.3d 66, 70 (2d Cir. 1998) (finding that "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings" (internal quotations omitted)).

### 3.   Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

Defendants argue—among other things—that Plaintiffs' claims are inadequately pleaded. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Allco Fin. Ltd. v. Klee, 861 F.3d 82, 94–95 (2d Cir. 2017) (quoting Iqbal, 556 U.S. at 678).  "[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotations and citation omitted, and alterations adopted); see also Rolon v. Henneman, 517 F.3d 140, 149 (2d Cir. 2008) (explaining that a court need not accept "conclusory allegations or legal conclusions masquerading as factual conclusions") (internal citation omitted).

A court adjudicating a motion to dismiss under Rule 12(b)(6) "may review only a narrow universe of materials."  Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016).  This narrow universe includes the "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken."  Id. (internal citation omitted and alternations adopted); see also United States ex rel. Foreman v. AECOM, 19 F.4th 85, 106 (2d Cir. 2021).  That said, the Court "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss" under Rule 12(b)(6).  Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts, 369 F.3d 212, 217 (2d Cir. 2004); see also Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (holding that courts may take judicial notice of public disclosure documents the filing of which is required by law).  "In the motion to dismiss context, however, a court should generally take judicial notice 'to determine what statements [the documents] contain[ ] ... not for the truth of the matters

asserted.'"  <u>Schubert v. City of Rye</u>, 775 F. Supp. 2d 689, 698 (S.D.N.Y. 2011) (alterations in original) (quoting <u>Kramer</u>, 937 F.2d at 774).

### 4.       Motions to Amend: Federal Rules of Civil Procedure 15 and 16.

Rules 15 and 16 of the Federal Rules of Civil Procedure govern a plaintiff's ability to amend a complaint, and "when read together, set forth three standards for amending pleadings that depend on when the amendment is sought." <u>Sacerdote v. N.Y. Univ.</u>, 9 F.4th 95, 115 (2d Cir. 2021); <u>see</u> <u>also</u> <u>Scalia v. Sarene Servs., Inc.</u>, 2024 WL 3424722, at *13 (E.D.N.Y. Jul. 15, 2023).

First, Rule 15(a)(1) permits "a plaintiff [to] freely amend her pleadings ... as of right without court permission" twenty-one days after a complaint is served or twenty-one days after service of a responsive pleading or motion under Federal Rule of Civil Procedure 12(b), (e), or (f). <u>Sacerdote</u>, 9 F.4th at 115.

Second, after the time to amend as of right has passed—"either upon expiration of a specified period of time in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A)"—a plaintiff seeking to amend a complaint must either request leave from the court or obtain the opposing party's written consent. <u>Sacerdote</u>, 9 F.4th at 115; FED. R. CIV. P. 15(a)(2).  Rule 15(a)(2) sets forth a lenient standard under which "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2).  "Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend."[1] <u>Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.</u>, 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

---

[1]       Amendment is futile if the "amended portion of the complaint would fail to state a cause of action." <u>Parker v. Columbia Pictures Indus.</u>, 204 F.3d 326, 339 (2d Cir. 2000); <u>see</u> <u>also</u> <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 244 (2d Cir. 2007) (finding amendment not futile where amended complaint would be "sufficient to withstand a motion to dismiss"); <u>Pompey-Primus v. Success Acad. Charter Sch., Inc.</u>, 2022 WL 504541, at *10 (S.D.N.Y. Feb. 17, 2022) (denying leave to amend where Plaintiff did not amend her pleading or request leave to do so, and amendment would have been futile).

Third, Rule 15(a)(2)'s period of "liberal" amendment ends upon expiration of the date set by the court as the deadline after which no amendment will be permitted. Sacerdote, 9 F.4th at 115. At that point, Rule 16 also applies, and a court must balance the "liberal" amendment standard of Rule 15 with Rule 16(b)(4)'s requirement that the plaintiff show "good cause" for an extension of the deadline to amend. FED. R. CIV. P. 16(b)(4); see also Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009); Pasternack v. Shrader, 863 F.3d 162, 174 n.10 (2d Cir. 2017) (plaintiff must satisfy both Rules 15 and 16 to be permitted to amend after the deadline in the scheduling order has passed). The purpose of Rule 16(b)(4) is to "offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Parker v. Columbia Pictures, Indus., 204 F.3d 326, 340 (2d Cir. 2000) (quotation marks omitted). The good cause standard permits the trial court to exercise "discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243–44 (2d Cir. 2007). The "primary consideration" when determining good cause is "whether the moving party can demonstrate diligence" in seeking leave to amend. Id. at 244; see also Parker, 204 F.3d at 340.

Rule 16(b)(4)'s good cause requirement is met when a "party [shows] that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." Sokol Holdings, Inc. v. BMD Munai, Inc., 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009); see also Scalia, 2024 WL 3424722, at *13. Diligence is shown when "the basis for the claim arose several months before the party requested the amendment." Lema v. Fitizcon Construction/Ren Corp., 2022 WL 1321596, at *4 (E.D.N.Y. May 3, 2022); see also Bryan v. Commack Union Free Sch. Dist., 2021 WL 633751, at *4 (E.D.N.Y. Feb. 18, 2021) (finding good cause to allow amendment of a complaint to add retaliation claims six months after the amendment deadline because plaintiff

learned the relevant facts after the deadline). By contrast, "[a] party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." Luck v. McMahon, 2021 WL 4248887, at *36 (D. Conn. Sept. 17, 2021) (citation omitted); Feuer v. Cornerstone Hotels Corp., 2017 WL 3841841, at *4 (E.D.N.Y. Aug. 4, 2017), R&R adopted, 2017 WL 3842350 (E.D.N.Y. Aug. 31, 2017) (Bianco, J.); Scalia, 2024 WL 3424722, at *13.

In determining whether a plaintiff has met Rule 16's good cause requirement, a court may also consider other relevant factors, including whether allowing amendment at that stage of the litigation would prejudice a defendant. See Kassner, 496 F.3d at 244; see also Scalia, 2024 WL 3424722, at *14. An assessment of prejudice includes consideration of "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "[D]elay (and its necessary consequence, litigation expense) does not, without more, constitute undue prejudice." Pasternack, 863 F.3d at 174.

Once a court has determined that the party seeking leave to amend the complaint after the deadline has passed has shown good cause, it must then ensure that the party has also met the requirements of Rule 15(a)(2) and show that there is no bad faith, undue delay, futility, or undue prejudice to the non-moving parties. See Huber v. Nat'l R.R. Passenger Corp., 2012 WL 6082385, at *3–8 (S.D.N.Y. Dec. 4, 2012); see also Scalia, 2024 WL 3424722, at *14.

## III.   DISCUSSION

The Court adjudicates Plaintiffs' motion to amend their SAC and Defendants' motions to dismiss de novo, adopts each of the R&R's recommendations, and therefore GRANTS IN PART

and DENIES IN PART Plaintiffs' motion to amend their SAC as well as Defendants' motions to dismiss.

**A.**     <u>**Plaintiffs' Objections**</u>

Plaintiffs loft eight objections to Judge Wicks' R&R.  (ECF No. 101.)  After conducting a <u>de novo</u> review of the full record (including the SAC, the motion papers, the R&R, and Plaintiffs' objections) and the applicable law, the Court agrees with Judge Wicks' recommendations, overrules Plaintiffs' objections, and therefore adopts the R&R as the opinion of the Court.

**B.**     <u>**Defendant Tang's Objections**</u>

Defendant Tang also objects to several portions of Judge Wicks' R&R.  (ECF No. 103.) After conducting a <u>de novo</u> review of the full record (including the SAC, the motion papers, the R&R, and Defendant Tang's objections) and the applicable law, the Court agrees with Judge Wicks' recommendations, overrules Defendant Tang's objections, and therefore adopts the R&R as the opinion of the Court.[2]

## IV.     CONCLUSION

As set forth above, the Court ADOPTS Judge Wicks' well-reasoned and eighty-seven paged R&R in its entirety as the opinion of the Court.

Accordingly, the Court GRANTS Defendants' motions to dismiss (ECF Nos. 54–55):

1.  As to Plaintiff Li's allegations of tax fraud and both Plaintiffs' claims of immigration fraud for lack of standing;

2.  As to 18 U.S.C. § 1962(d) (Count Two);

3.  As to Plaintiffs' state law claim for Breach of Contract/Promises (Count Four);

---

[2]      To the extent Defendant Tang objects to Judge Wicks' recommendations on the ground that the R&R considered documents extrinsic to the SAC to reach its conclusions, Plaintiffs are directed to incorporate such documents in their Third Amended Complaint ("TAC").

4. As to Plaintiffs' state law claim for Declaratory Judgment and Injunction (Count Eight);

5. As to Defendant Tang's motion to strike the diversity and punitive damages allegations; and

6. Defendant Han's motion to dismiss both the Second and Third Amended Complaints.

Conversely, the Court DENIES Defendant Tang's motion to dismiss:

1. As to Plaintiffs' claims under subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1));

2. As to Plaintiffs' state law claim for Common Law Fraud (Count Three);

3. As to Plaintiffs' state law claim for Conversion (Count Five);

4. As to Plaintiffs' state law claim for Unjust Enrichment (Count Six); and

Additionally, the Court GRANTS IN PART and DENIES IN PART as to statute of limitations and

18 U.S.C. § 1962(c) (Count One):

1. As to Plaintiffs' derivative claims and the conflicts of interest, grant Defendant's motion as to the derivative claims but deny the motion as to the purported conflicts of interest;

2. As to the statute of limitations, grant Defendant Tang's motion as to expiration of the statute of limitations for the Summer Sands and Carousel Motels transactions and the immigration frauds, but deny it as to all other non-derivative transactions;

3. As to Count One, grant dismissal of the following allegations: women baited Plaintiff Zou, Defendant Tang alleged an illness to get a tax filing extension, perjury, wires to and from China and to and from South Carolina, transference of 40% of shares in JLK, the Summer Sands sale, the immigration fraud, the currency reporting violations, extortion claims, fraud in connection with access devices, and obstructions of justice; and

   4. On the other hand, deny Defendant Tang's motion to dismiss allegations
      of wire and mail fraud, money laundering, and transportation of stolen
      property.

For Plaintiffs' motion to amend their Second Amended Complaint, the Court GRANTS IN PART

and DENIES IN PART:

   1. GRANTS as to adding the new fact about the vehicle and the new claims
      under 18 U.S.C. §§ 1962(a) and (b) (Counts One and Two); and

   2. DENIES as to adding new facts about the auction and the immigration
      frauds.

Plaintiffs are directed to file on ECF their Third Amended Complaint consistent with and within

ten (10) days of this Court's order. The Clerk of Court is respectfully directed to close ECF Nos.

53, 54, 55, and 100.

   **SO ORDERED.**

 Dated:   September 6, 2024
          Central Islip, New York

                              _____
                                      (/s/ JMA)
                              JOAN M. AZRACK
                              UNITED STATES DISTRICT JUDGE