UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KENN ZOU and CHUNLAN LI,

                Plaintiffs,

      v.

XIAO HAN and JUN TANG,

                Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
23-CV-02370-SJB-JMW

**BULSARA, United States District Judge:**

      Plaintiffs Kenn Zou and Chunlan Li (collectively "Plaintiffs") brought this action against Defendants Xiao Han ("Han") and Jun Tang ("Tang" and collectively "Defendants") to challenge an alleged web of fraud and racketeering activity involving transactions, properties, and individuals across New York, South Carolina, and China. (Third Am. Compl. dated Sep. 11, 2024 ("TAC"), Dkt. No. 120). On April 6, 2025, Plaintiffs moved to file a Fourth Amended Complaint. (Pls.' Mem. of Law for Leave to File Fourth Am. Compl. filed Apr. 6, 2025 ("Mem. of Law"), Dkt. No. 127-1). Following briefing, Magistrate Judge James M. Wicks issued a Report and Recommendation ("R&R") that Plaintiffs' motion be denied for failure to establish good cause, but alternatively, if there was good cause, the motion be granted in part and denied in part. (Report and Recommendation dated May 27, 2025 ("R&R"), Dkt. No. 134 at 31). For the reasons that follow, the Court adopts Judge Wicks's alternative recommendation in its entirety.[1]

---

[1] After Plaintiffs filed the motion to amend, Defendants each individually filed oppositions. (Def. Tang's Opp'n filed Apr. 7, 2025 ("Tang's Opp'n"), Dkt. No. 128; Def.

STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). For dispositive matters, if a party timely objects to the magistrate judge's recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). If no objections have been made, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Where . . . a party receives clear notice of the consequences of not objecting to a report and recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error[.]"). The clear error standard also applies when a "party makes only

---

Han's Opp'n filed Apr. 7, 2025, Dkt. No. 129). After Judge Wicks issued his R&R on May 27, 2025, Plaintiffs and Defendant Tang filed objections. (Pls.' Objs. filed June 9, 2025 ("Pls.' Objs."), Dkt. No. 139; Def. Tang's Objs. dated June 10, 2025 ("Tang's Objs."), Dkt. No. 140). Plaintiff Zou separately also filed his own objections as a pro se party after his counsel withdrew from representation (counsel stayed on to represent Plaintiff Li). (Pl. Zou's Objs. dated June 25, 2025 ("Zou's Objs."), Dkt. No. 146). Defendants Tang and Han each filed responses in opposition to these objections. (Def. Tang's Opp'n to Objs. dated July 15, 2025, Dkt. No. 150; Def. Han's Opp'n to Objs. dated July 15, 2025, Dkt. No. 153).

2

conclusory or general objections," or "when the objections are nonspecific or merely perfunctory responses[.]" *Miller*, 43 F.4th at 120.

"As to a nondispositive matter, '[t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.'" *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (alterations in original) (quoting Fed. R. Civ. P. 72(a)); *e.g., Sampedro v. Silver Point Cap., L.P.*, 958 F.3d 140, 142 n.1 (2d Cir. 2020) ("The district court properly reviewed the magistrate judge's order for clear error, since the decision . . . was nondispositive[.]" (citations omitted)).[2]  Importantly, "[i]n considering objections to an R. & R., the district court will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 180–81 (E.D.N.Y. 2025) (quotations omitted) (collecting cases); *see also Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020) ("[T]his argument was raised for the first time in his objections to the Magistrate Judge's [report].  [The district judge] correctly declined to allow [plaintiff] to make an about-face in those objections to advance a theory of liability that . . . had not been raised . . . before the Magistrate Judge.").

Because the Court finds no clear error in Judge Wicks's alternative recommendation, it is adopted in its entirety.

---

[2] A decision on a motion to amend is considered nondispositive.  *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent.") (affirming denial of amendment by magistrate judge).

3

DISCUSSION

After the period to amend pleadings as of right has passed, motions to amend pleadings are governed by two standards. The first, a "liberal" and "permissive" standard, *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The second standard permits motions to amend only upon a showing of "good cause." *Id.* R. 16(b)(4). "The [Rule 15] period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Sacerdote*, 9 F.4th at 115. If the court issues a Rule 16 order that explicitly "state[s] that no amendment will be permitted" after a date certain, the moving party must demonstrate good cause for permitting the amendment. *Id.* at 115–16.

If, however, the district court's Rule 16 order does not explicitly set a date after which motions to amend are not permitted (for example, by simply setting a deadline for amended pleadings to be filed), there is no order "trigger[ing] the stricter Rule 16(b)(4) 'good cause' standard[.]" *Id.* at 115. And therefore, any motions are governed solely by the more liberal Rule 15 standard.

Here, Judge Wicks issued a scheduling order on July 7, 2023, that set December 15, 2023, as the final date by which the Plaintiffs could move to amend the pleadings. (Rule 26(f) Scheduling Order filed July 7, 2023, Dkt. No. 27 at 1). The scheduling order did not state that after December 15, further amendments would not be permitted. (*Id.*). Indeed, Plaintiffs were permitted to file amended pleadings after this date. (*E.g.*, TAC). Thus, the Court cannot bar Plaintiffs' motion to amend for a failure to establish good

4

cause, as Judge Wicks recommended.  (R&R at 12).  That standard was never made effective for this case.

That being said, Judge Wicks alternatively recommended that the motion to amend be granted to include the paragraph pertaining to Zou's state law derivative claim against Tang, and denied otherwise.  (R&R at 25–26, 31; Proposed Fourth Am. Compl. filed Apr. 6, 2025 ("PFAC"), Dkt. No. 127-3 ¶ 106).  This amendment would allow Zou to add a state law derivative claim against Tang, and add support for the claim by referring to a demand notice served upon Tang on September 9, 2024.  (PFAC ¶ 106).

Under Rule 23.1, a shareholder bringing a derivative claim must plead with particularity the demands made on the corporation, or the reasons why such a demand was futile.  Fed. R. Civ. P. 23.1(b)(3); *see Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, 797 F.3d 229, 234 (2d Cir.), *certified question answered*, 124 A.3d 33, 35 (Del. 2015). Plaintiffs initiated this case on March 28, 2023, without any of them having served a demand on JLK Holdings, INT, LLC ("JLK").  (Compl. filed Mar. 28, 2023, Dkt. No. 1).[3] Well after the litigation began, Zou served a demand on JLK on September 9, 2024. (Demand Notice dated Sep. 9, 2024, attached as Ex. N. to Mot. to Am., Dkt. No. 127-17). On April 6, 2025, Plaintiffs sought to amend the operative Complaint to reflect the

---

[3] Plaintiffs previously tried to bring a derivative claim against Tang, but it was dismissed for failure to plead with particularity the demands made.  (*See* R&R at 26); *Zou v. Han*, No. 23-CV-02370, 2024 WL 4450781, at *32 (E.D.N.Y. Aug. 6, 2024), *report and recommendation adopted*, 2024 WL 4100221 (Sept. 6, 2024), *appeal dismissed*, No. 24-2402, 2024 WL 5457084 (2d Cir. Dec. 23, 2024).

5

demand letter and add a state law derivative claim against Tang on behalf of JLK. (Mem. of Law at 6–7; R&R at 26).

Tang contends this belated fix is impermissible: a demand letter must be served prior to initiation of a lawsuit. (Tang's Objs. at 1–3). Although Tang cites a bevy of cases to support her proposition that a demand letter is a prerequisite for a derivative claim, she only cites one case to address the issue of whether "[a]n attempt made after commencement of litigation to cure a failure" is permissible. (*Id.* at 3). But this out-of-circuit case, *Grossman v. Johnson*, 674 F.2d 115, 125–26 (1st Cir. 1982), has not been followed here.[4]

There are several problems with this position. *First*, district courts routinely permit parties to satisfy Rule 23.1 requirements in amended pleadings, even if the initial complaint is insufficient. *See, e.g.*, *In re Cap. One Derivative S'holder Litig.*, 952 F. Supp. 2d 770, 794–96 (E.D. Va. 2013) (permitting Rule 23.1 demand futility to be alleged in amended complaint, after dismissing original complaint, and permitting case stay while demand was made); *see also Elfenbein v. Gulf & W. Indus., Inc.*, 454 F. Supp. 6, 7 (S.D.N.Y. 1978) ("For the reasons hereafter stated, defendants' motions to dismiss the amended complaint for failure to make a demand upon the board of directors of Bulova are granted, and the amended complaint is dismissed without prejudice to its renewal."), *aff'd*, 590 F.2d 445, 451 (2d Cir. 1978). There is no functional difference between curing a

---

[4] *Grossman* itself cites to an earlier Second Circuit case—*Galef v. Alexander*, 615 F.2d 51, 59 (2d Cir. 1980)—for the unremarkable proposition that Rule 23.1 contains prerequisites to initiating a derivative case in federal court.

6

demand deficiency after a complaint is filed, and filing an amended complaint to reflect the identical action to cure.  *Second*, Tang's position would lead only to delay—Plaintiffs would not be permitted to file a derivative claim in this case, but could otherwise file a new lawsuit with a derivative claim (since there is no apparent statute of limitations bar on the derivative claim and no finding of prejudice or bad faith).  And the new suit, consolidated with the present one, would "merely bring the parties to the point where they now are."  *Hackner v. Guar. Tr. Co. of New York*, 117 F.2d 95, 98 (2d Cir. 1941).[5]  *Third*, Tang failed to argue that an amendment could not cure a complaint's pleading deficiency when opposing the motion to amend.  (Tang's Opp'n at 10–18).  The argument is raised for the first time in Tang's objections to the R&R, and therefore, it is waived.  *E.g.*, *Ferring B.V. v. Fera Pharms., LLC*, No. 13-CV-4640, 2015 WL 1359073, at *2 n.3 (E.D.N.Y. Mar. 24, 2015) (rejecting new arguments in objections to a magistrate judge's report and recommendation that "could have been raised before the magistrate judge but were not" (quotations omitted)).

Thus, there is no clear error in Judge Wicks's recommendation that leave to amend be granted to permit filing of an amended complaint containing a derivative claim against Tang, and allegations about the demand made in September 2024.  (R&R at 25–26; PFAC ¶ 106).  Judge Wicks also recommended dismissal of Plaintiffs' other proposed amendments—to add new RICO predicate acts as to Tang, (R&R at 21–22;

---

[5] The second new suit, of course, could be precluded for other reasons, like the bar on claim-splitting.  *See Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019); *e.g.*, *Marciniak v. Massachusetts Inst. of Tech.*, No. 23-CV-10305, 2024 WL 4350872, at *13 (S.D.N.Y. Sept. 29, 2024).

7

PFAC ¶¶ 52–53), and to add new RICO claims and state law claims (fraud, conversion, unjust enrichment, and tort) against Han.[6]  (R&R at 22–25, 26–31; PFAC ¶¶ 145–212).  The Court, having reviewed these recommendations, also finds no clear error.  As such, Judge Wicks's diligent, thorough, and clear alternative recommendation is adopted in its entirety and all the objections raised are overruled.

Plaintiffs are directed to file their Amended Complaint—which must be updated to conform to this and Judge Wicks's rulings—as a separate docket entry by September 12, 2025.

SO ORDERED.

*/s/ Sanket J. Bulsara*   August 29, 2025
SANKET J. BULSARA
United States District Judge

Date:  August 29, 2025
       Central Islip, New York

---

[6] Plaintiffs' joint objections to these recommendations—made without a single case law citation—are generally conclusory and repetitive with the other objections.  In response to the recommendation that the RICO claims against Han not go forward, Plaintiffs only make statements, without grounding in legal arguments, that there is no undue delay; that Judge Wicks contradicts his own statements from prior conferences; and that certain exhibits prove Han's wrongdoing.  (Pls.' Objs. at 3).  And in response to the recommendations that the state law claims against Han be denied, they reiterate that evidence was obtained through recent discovery; that "common logic and settled law" permit amendment but cite none of this supposed "settled law"; and that a duplicative claim is erroneously dismissed.  (*Id.* at 2–4).  None of these assertions have any merit.

Zou—who filed objections individually after the withdrawal of his counsel—also objects to the recommendation to deny the proposed amendment regarding Tang's predicate RICO acts, (PFAC ¶¶ 52–53), because he did not discover an "actionable pattern" until March 28, 2023.  (Zou's Objs. at 3).  This does not countermand Judge Wicks's recommendation.

Han did not file any objections to the R&R.