**FILED**
**CLERK**
**10/28/2025**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------X

KENN ZOU *et al.*,

                               *Plaintiffs*,

                -against-

XIAO HAN *et al.*,

                              *Defendants*.

------------------------------------------------X

**ORDER**

23-cv-02370 (SJB)(JMW)

**A P P E A R A N C E S:**

     Kenn Zou
     4054 Corn Planters Lane
     Myrtle Beach, SC 29579
     *Plaintiff Appearing Pro Se*

     Ming Hai
     **Law Offices of Ming Hai P.C.**
     36-09 Main Street, Suite 7B
     Flushing, NY 11354
     *Attorney for Plaintiff Li*

     Carolyn Shields, Esq.
     Ying Liu, Esq.
     **Liu & Shields LLP**
     41-69 Main Street, Suite 208A
     Flushing, NY 11355
     *Attorneys for Defendant Tang*

**WICKS**, Magistrate Judge:

     Plaintiffs Kenn Zou ("Zou") and Chunlan Li ("Li") (collectively, "Plaintiffs"),

commenced this action on March 28, 2023 alleging: (i) violation of the Racketeer Influence and

Corrupt Organizations Act ("RICO"), 18 U.S.C §1962(c), (ii) violation of RICO, 18 U.S.C.

§1962(a), (iii) 18 U.S.C. §1962(b), (iv) common law fraud, (v) conversion, (vi) unjust

1

enrichment, and (vii) breach of duty against Xiao Han ("Han") and his mother Jun Tang aka Judy Tang ("Tang") (collectively, "Defendants"), seeking a declaratory judgment, injunction, treble damages, attorneys' fees, compensatory damages in the amount of $8,000,000, and punitive damages. (*See generally* ECF No. 167.)

Now before the Court is Zou's application for discovery sanctions against Defendant Tang arguing that Defendant's failure to serve answers or responses to his Rule 33 and Rule 34 demands, as well as her failure to answer the Rule 36 requests for admission, warrant sanctions in the form of: (i) "[f]ees/[c]osts associated with Plaintiff's preparation and prosecution of the Court-ordered written deposition session and the unanswered Rule 33/34 discovery"; (ii) "[p]reclusion barring Defendant from offering testimony or evidence on the unanswered Rule 33/34 topics and on matters deemed admitted under Rule 36(a)(3)"; and (iii) "a narrowly-tailored adverse inference or deemed-facts as to discrete, third-party-verifiable money-flow facts . . . ." (*See* ECF No. 191.) Defendant opposed on September 28, 2025 arguing that she complied with certain demands, and pointed out numerous defects in Zou's other demands which justified the non-compliance. (*See* ECF No. 192.) For the following reasons, Zou's motion (ECF No. 191) is **DENIED**.

*First*, it is palpable that the parties have not met and conferred before the filing of Zou's motion, and Zou's motion does not include a certification that he conferred or attempted to confer with Defendant prior to filing. (*See* ECF No. 192 at p. 1.) Federal Rule of Civil Procedure 37(a)(1) mandates that the "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This principle is echoed in this Court's Individual Practice Rule 3.A which mandates that the parties "make a good faith effort . . . to resolve

disputes **before** making a motion." (emphasis in original). Here, Zou has not met with opposing counsel, nor does he provide a certification in his motion that he made a good faith attempt to meet and confer as required by Rule 37(a)(1). Zou's failure to do so, alone, serves as sufficient grounds for denial of the motion. *See e.g., In re Namenda Direct Purchaser Antitrust Litigation*, No. 15 Civ. 7488 (CM) (JCF), 2017 WL 3314233, at *4 (S.D.N.Y. Aug. 2, 2017) (noting that any motion filed prior to a meaningful meet-and-confer process "may be denied on that basis alone"); *Noel v. Clouston*, No. 21-cv-6559CJS, 2024 WL 1326299, at *2 (W.D.N.Y. Mar. 28, 2024) (denying the motion for discovery based on the failure to meet and confer in violation of Rule 37(a)(1)).

*Second*, even if the parties *did* meet and confer, the alleged conduct simply does not arise to a sanctionable level. "The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." *Perros v. Cnty of Nassau*, CV 15-5598 (GRB)(AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021) With this discretion, the Court is vested with a panoply of tools, e.g., imposition of monetary sanctions, striking a pleading or the drawing of an adverse inference, but *only when* it is determined that discovery sanctions are warranted. *See Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc.*, No. CV176499 (ADS)(AKT), 2019 WL 2436239, at *5 (E.D.N.Y. Mar. 6, 2019), *report and recommendation adopted*, 2019 WL 1986606 (E.D.N.Y. May 6, 2019).

Here, Defendant offers sufficient explanations for the alleged discovery shortcomings. For instance, Defendant already produced over 1,700 pages of documents to Zou's demands on and before September 19, 2025, covering multiple interrogatory topics and requests for production (*see* ECF No. 192 at pp. 2-3; *see also* ECF No. 192-2, 192-3), thus making the additional production duplicative. Further, counsel for Defendant objected to the written

3

deposition questions served by Zou as procedurally defective on September 19, 2025, citing Zou's failure to serve the required notice under Rule 31, failure to retain an interpreter, and failure to ensure the responses are made under oath in the presence of a court reporter. (*See* ECF No. 192 at p. 3; ECF No. 192-4.); *see also* Fed. R. Civ. P. 31(a)(3) (notice requirements); *see also Gomez v. Semple*, No. 3:17CV02085 (JCH), 2019 U.S. Dist. LEXIS 36295, at *4 (D. Conn. Mar. 7, 2019) (noting the "Court [would] not permit plaintiff to proceed by written deposition" given plaintiff's failure to identify an officer to administer the oath or who will proceed in accordance with Rule 31(b)). Zou, in his motion, fails to address or explain how his written deposition questions were *not* procedurally defective as Defendant points out. Without such clarifying information and considering Zou did not attach his written deposition questions to his motion (*see* Rule 37.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York), the Court is prevented from independently analyzing whether the questions were procedurally proper. Accordingly, these circumstances would "make an award of expenses unjust." To rule otherwise would place Defendant in a situation where she either must comply with procedurally defective discovery questions or face sanctions.

Moreover, with respect to the "unanswered Rule 33/34 discovery," Zou served additional "Rule 33 Interrogatories to Defendant Jun Tang" and "Rule 34 Requests for Production to Defendant Jun Tang" on September 15, 2025—four days before the deadline on the close of all fact discovery. (*See* ECF No. 192-1.) Zou's motion for sanctions was filed on September 26, 2025—hardly giving Defendant Tang a chance to either object to these eleventh-hour requests or provide her a chance to comply with them.  Furthermore, Defendant not only provided documents relevant to these outstanding discovery requests on September 19, 2025 (*see* ECF No. 192-3), but also was served with, and provided responses to, 25 interrogatories—the maximum

4

amount provided under Rule 33. (*See* ECF No. 192-2.) Defendant Tang's alleged failure to comply with these interrogatories, therefore, was substantially justified by the fact that she was abiding by Rule 33's mandates.

Considering the totality of circumstances, the Court in its discretion finds that sanctions are not warranted.

## CONCLUSION

For the foregoing reasons, Zou's motion for discovery sanctions (ECF No. 191) is **DENIED**. The parties are reminded that no further extensions of the discovery dates and deadlines would be granted and that the end date for all discovery is **December 5, 2025**.

Dated: Central Islip, New York
      October 28, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge